**John CHIKE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 91–4325
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 18, 1991.

John Chike, pro se.

Richard Thornburgh, Atty. Gen., Dept. of Justice, Joseph F. Ciolino, Alice M. King, Attys., Robert L. Bombough, Director, Office of Immigration Litigation, Civ. Div., Washington, D.C., for respondent.

Ronald G. Parra, Dist., Director, I.N.S., Houston, Tex., John Caplinger, Dist. Director, I.N.S., New Orleans, La., for other interested parties.

Before JONES, DUHÉ, and WIENER, Circuit Judges.

DUHÉ, Circuit Judge.

Petitioner, John Chike, is a native and citizen of Nigeria who entered the United States in May 1981 as a nonimmigrant student. The Immigration and Naturalization Service has found him deportable, but he argues before this Court that he was not accorded due process of law. Because we find that Petitioner was deprived of a significant liberty interest without due process, we reverse and remand.

On November 23, 1990, an immigration judge found Petitioner deportable under 8 U.S.C. § 1251(a)(11) as an alien convicted of a narcotics offense. Petitioner, proceeding pro se, appealed to the Board of Immigration Appeal. His notice of appeal to the Board briefly explained his four alleged grounds of error. The Government concedes that because of an administrative

mistake, it erred "by failing to give petitioner notice of the briefing schedule before the Board to enable him to present a brief to that forum." Br. for Resp't at 7. Consequently, the INS filed a brief before the Board, but Mr. Chike was unable to do so. *See* R. at 20. The Board nevertheless reached the merits of the appeal and dismissed it.

■ After his appeal was dismissed, Petitioner wrote a letter dated April 4, 1991, and it was received by this Court on April 23, 1991. Because Petitioner is proceeding pro se, we construe the letter complaining of the INS action as a petition for review.

■ Among other things, Petitioner contends that he was denied a full and fair hearing and was therefore deprived of a significant liberty interest without due process of law. *See* U.S. Const. amend. V. Although Petitioner is an alien and deportation is a civil proceeding, even cases cited by the Government hold that "[d]eportation is a process of such serious moment" that due process concerns are implicated. *United States ex rel. Bilokumsky v. Tod,* 263 U.S. 149, 156–57, 44 S.Ct. 54, 57, 68 L.Ed. 221 (1923), *overruled on other grounds by INS v. Lopez–Mendoza,* 468 U.S. 1032, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984). The full panoply of due process protections does not apply to deportation proceedings, however. Rather, "proof of a denial of due process in an administrative proceeding requires a showing of substantial prejudice." *Ka Fung Chan v. INS,* 634 F.2d 248, 258 (5th Cir. Jan. 1981). In the words of Justice Brandeis, "To render a hearing unfair the defect, or the practice complained of, must have been such as might have led to a denial of justice, or there must have been absent one of the elements deemed essential to due process." *United States ex rel. Bilokumsky v. Tod,* 263 U.S. at 157, 44 S.Ct. at 57.

Even under this more stringent due process standard, Petitioner has shown that his constitutional rights were infringed. "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing.' " *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950)). The opportunity to be heard is a " 'root requirement' " of due process. *Id.* (quoting *Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971)). By showing that he was denied the opportunity to be heard before the Board of Immigration Appeal, Petitioner has shown substantial prejudice. This defect " 'impinged upon the fundamental fairness of the hearing in violation of the fifth amendment.' " *Ramirez–Durazo v. INS,* 794 F.2d 491, 500 (9th Cir.1986) (quoting *Magallanes–Damian v. INS,* 783 F.2d 931, 933 (9th Cir.1986)).

We do not hold that the Due Process Clause requires the INS to afford an appeal. The INS does allow an appeal, however, and the appellant and appellee are allowed to file briefs. In Mr. Chike's case, a mistake deprived him of this opportunity. In these circumstances, the Board of Immigration Appeal could not render a decision in accord with the Due Process Clause.

Because we hold that a denial of the opportunity to be heard is, in and of itself, substantial prejudice, this cause is

REVERSED and REMANDED.