**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 12, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 04-60505

(Summary Calendar)
_____

KENIER TIMA,

Petitioner,

versus

ALBERTO R GONZALES, U S ATTORNEY GENERAL

Respondent.

Petition for Review from the
Board of Immigration Appeals,
BIA No. A96 011 208

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Kenier Tima petitions for review of the decision of the Board of Immigration Appeals ("BIA")

affirming the Immigration Judge's ("IJ") decision to deny his applications for asylum, withholding of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removal, and relief under the Convention Against Torture.

The United States Bureau of Immigration and Customs Enforcement charged Tima with removability as an alien present in the United States without being admitted or paroled under 8 U.S.C. § 1182(a)(6)(A)(i) and as an alien present in the United States without a valid visa or entry document under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Tima conceded removability and filed for asylum, withholding of removal, and relief under the Convention Against Torture. The IJ denied Tima's applications and ordered his removal.

Tima appealed the decision of the IJ to the BIA. Along with his notice of appeal, Tima's attorney enclosed a letter stating that she had not yet received a copy of the transcript of the proceedings before the IJ. She requested the right to amend the statement of reasons for the appeal upon receipt of the transcript. On December 31, 2003, the BIA issued a briefing schedule, which stated "Enclosed is a copy of the transcript of the testimony of record." On January 21, 2004, Tima moved for a continuance because he had not received a copy of the briefing schedule. His attorney stated that it was only upon inquiry on January 15 that she discovered a schedule had been set. On January 29, 2004, the BIA granted the request and issued a new briefing schedule, which gave Tima until February 11, 2004, to file his brief. When that date arrived, Tima filed another request for an extension of time. His attorney stated that she still had not received a transcript of the proceedings and that without that transcript, no brief could be filed. The BIA denied this second request on the ground that Tima had not shown "extraordinary circumstances as to why a further extension should be granted" and affirmed the IJ's decision. Tima moved for reconsideration and reiterated that he had yet to receive a copy of the transcript. According to the letter from his attorney, the Immigration

Court had informed her that only the BIA could provide a copy of the transcript.[1] The BIA denied the motion because Tima had "not alleged or show any error" in its prior decision. Tima filed a petition for review of the BIA's decision in this court. He contends that the BIA denied him due process of law by denying his motion for an extension of time and affirming the decision of the IJ.

The Fifth Amendment guarantees an alien due process of law in deportation proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993). An immigration proceeding violates due process where the challenged practice "might have led to a denial of justice, or there must have been absent an element deemed essential to due process." *Hernandez-Garza v. I.N.S.*, 882 F.2d 945, 947 (5th Cir. 1989). Where the executive provides review of an IJ's decision, it must do so in conformity with due process. *Chike v. I.N.S.*, 948 F.2d 961, 962 (5th Cir. 1991). "The opportunity to be heard is a root requirement of due process." *Id.* (internal quotation marks omitted). The denial of the opportunity to be heard before the BIA itself establishes substantial prejudice. *Id.*

It is the practice of the BIA to send a copy of the transcript "to both parties along with the briefing schedule via regular mail." BOARD OF IMMIGRATION APPEALS PRACTICE MANUAL 46 (2004), *available at* http://www.usdoj.gov/eoir/bia/qapracmanual/apptmtn4.htm (last visited Nov. 17, 2005). A copy of the record can also be either viewed in the Clerk's office or obtained by filing a Freedom of Information Act ("FOIA") request with the Executive Office for Immigration Review. *Id.* at 123-24; 28 C.F.R. § 16.1 et seq. The BIA's practice manual recommends that parties file such FOIA requests before receiving a briefing schedule. BOARD OF IMMIGRATION APPEALS PRACTICE MANUAL 124.

---

[1] 8 C.F.R. § 1003.5 provides that the record of the proceedings before the IJ "shall be forwarded to the [BIA] upon the request or the order of the [BIA]."

3

Kenier relies on *Chike v. I.N.S.*, 948 F.2d 961. In *Chike*, the petitioner appealed an order of an IJ holding that he was deportable. *Id.* at 961. Because of an administrative mistake, he never received a copy of the briefing schedule and filed no brief. *Id.* The BIA nevertheless reached the merits of his appeal and dismissed it. *Id.* This court reversed, holding that under these circumstances the BIA deprived the petitioner of the opportunity to be heard. *Id.* at 962. Tima contends that the failure of the BIA to provide him with a copy of the transcript of the proceedings before the IJ prevented him from being able to file a brief. The BIA's dismissal of his appeal therefore denied him due process of law.

In *Chike*, however, it was undisputed that the petitioner did not receive a copy of the briefing schedule. In the present case, the Government makes no similar concession and argues that there is no evidence that Tima did not receive a copy of the transcript. Tima responds that the statements of his attorney in her motions for an extension of time support his contention that he did not receive a copy of the transcript. It is, however, the policy of the BIA that "[s]tatements made in a motion are not evidence." BOARD OF IMMIGRATION APPEALS PRACTICE MANUAL 72. If a motion is predicated on evidence not part of the record, it should be accompanied by "sworn affidavits, declarations under the penalty of perjury, and documentary evidence." BOARD OF IMMIGRATION APPEALS PRACTICE MANUAL 72. Tima concedes that his attorney's unsworn statements do not satisfy these requirements. In this context, requiring Tima to support the factual assertions in his motion for an extension of time to file a brief with evidence did not deny him the opportunity to be heard or due process of law.

Accordingly, the petition for review is DENIED.

4