# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60548
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2018

Lyle W. Cayce
Clerk

MAURICE ACHOLA, also known as Maurice Agar Achola,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 227 331

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Maurice Achola, a native of Kenya and citizen of Kenya and Jamaica, petitions for review of the denial by the Board of Immigration Appeals (BIA) of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Achola, who proceeded pro se throughout his proceedings before the immigration judge, first argues through counsel that his due process rights were violated when the immigration judge informed him

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his right to counsel during a group hearing and failed to state that the legal services list with which he was provided contained information about free assistance. Achola also argues that the actions of the immigration judge constituted a per se due process violation, which did not require a showing of prejudice on his part.

Purely legal issues, including whether an immigration proceeding comports with due process, are reviewed de novo. *Ojeda-Calderon v. Holder*, 726 F.3d 669, 672 (5th Cir. 2013). Aliens in removal proceedings are entitled to due process. *See Manzano-Garcia v. Gonzales*, 413 F.3d 462, 470 (5th Cir. 2005). While an alien has no Sixth Amendment right to counsel in an immigration proceeding, it is possible for "the absence of an attorney [to] create a due process violation if the defect impinged upon the fundamental fairness of the hearing in violation of the fifth amendment, and there was substantial prejudice." *Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993) (internal quotation marks and citation omitted).

Congress provided that an alien has a right to obtain counsel at his own expense. *Id.*; *see* 8 U.S.C. § 1362. The corresponding regulations provide that an immigration judge must advise an alien "of his or her right to representation, at no expense to the government," and to advise the alien "of the availability of pro bono legal services for the immigration court location at which the hearing will take place, and ascertain that the [alien] has received a list of such pro bono legal service providers." 8 C.F.R. § 1240.10(a)(1), (2).

Achola provides no authority for his assertion that due process is per se violated when an immigration judge addresses a group of aliens at a master calendar hearing nor does he allege that, in this instance, the immigration judge was rushed and did not have sufficient time to explain to the aliens their rights. Our reading of the record establishes that the immigration judge complied with § 1240.10(a)(1) and (2), although the aliens were not expressly

advised "of the availability of pro bono legal services." *See* § 1240.10(a)(2). Achola points to his omission as proof that the immigration judge gave him no indication that free legal services were available. While the immigration judge did not explicitly use the word "free" in describing the list of legal providers, the record reflects that Achola had written notice multiple times that the list contained "free" legal service providers, including every notice of hearing which informed him that "[a] list of free legal service providers ha[d] been given to [him]."

Additionally, this circuit requires a showing of substantial prejudice to prevail on a due process claim. *See Ogbemudia*, 988 F.2d at 598; *Chike v. INS*, 948 F.2d 961, 962 (5th Cir. 1991). Achola has failed to demonstrate what documentation he could have provided had he been represented by counsel at his removal hearing and how this documentation would have aided his requests for relief. In light of the preceding, he has not shown that he was denied a full and fair hearing nor has he shown that the alleged violation resulted in substantial prejudice. *See Ogbemudia*, 988 F.2d at 598.

In his next assignment of error, Achola argues that the immigration judge's adverse credibility determination with regard to his requests for withholding of removal to Kenya and Jamaica was erroneous and was based on the immigration judge's failure to liberally construe his application. We generally review only the BIA's decision except to the extent that the immigration judge's ruling influences the BIA. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Here, the BIA approved of, and relied upon, the immigration judge's findings; thus, we may review the decisions of the immigration judge and the BIA. *See id.*

Whether an alien has demonstrated eligibility for withholding of removal is a factual determination reviewed for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, we may not reverse

an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang*, 569 F.3d at 537; *see* 8 U.S.C. § 1252(b)(4)(B). It is the petitioner's burden to demonstrate that the evidence compels a contrary conclusion. *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).

The BIA determined that the immigration judge did not clearly err in concluding that Achola did not demonstrate the requisite nexus between the harm he allegedly feared in Jamaica and either his political opinion or membership in a particular group so as to qualify for withholding of removal to Jamaica. Achola has briefed neither the merits of the BIA's denial of his request for withholding of removal to Jamaica nor the determinations that his asylum application was time barred and that he was ineligible for relief under the CAT. As such, he has waived review of those issues. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

Consequently, even if it is assumed arguendo that Achola was entitled to withholding of removal to Kenya, the regulations make clear that such a determination does not prevent the Department of Homeland Security from removing him to a country other than the one to which removal has been withheld, i.e., Jamaica. 8 C.F.R. § 1208.16(f); *Matter of I-S & C-S*, 24 I. & N. Dec. 434 (BIA 2008). "Unlike forms of relief from removal, such as asylum, withholding of removal (as well as CAT protection) prevents an alien from being returned to the place of danger; it does not prevent removal if some other country will accept the alien." *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492 (5th Cir. 2015).

PETITION DENIED.