# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2021

Lyle W. Cayce
Clerk

No. 20-60520

Gerylouis Nguhlefeh Njilefac,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 428 259

Before King, Smith, and Haynes, *Circuit Judges*.
Haynes, *Circuit Judge*:

Gerylouis Nguhlefeh Njilefac seeks review of a decision of the Board of Immigration Appeals (the "Board") denying his motion for reconsideration. Nguhlefeh Njilefac primarily argues that the Board did not adequately consider two declarations indicating that his counsel did not receive certain documents related to the proceedings. Because these declarations do not sufficiently rebut the presumption that his counsel received the documents the Board sent, we DENY the petition for review.

No. 20-60520

Nguhlefeh Njilefac, a native and citizen of Cameroon, sought asylum, withholding of removal, and protection under the Convention Against Torture in the United States on the grounds that he faced persecution due to his affiliation with an opposition political party in his home country. After an immigration judge denied his claims in an oral judgment, he appealed to the Board. In connection with that appeal, the Board mailed his counsel a briefing schedule, a transcript of the proceedings before the immigration judge, and the immigration judge's written decision. Those documents were sent to the same address the Board had sent other materials, including a receipt of Nguhlefeh Njilefac's notice of appeal. But, according to Nguhlefeh Njilefac, his counsel did not receive the documents and, therefore, Nguhlefeh Njilefac's counsel did not file a brief.

Approximately three months later, the Board upheld the immigration judge's decision, resolving Nguhlefeh Njilefac's arguments as they were raised in his notice of appeal. The Board's decision was sent to the same address the Board had sent all the other materials. Nguhlefeh Njilefac's counsel received the decision. Nguhlefeh Njilefac then sought reconsideration on due process grounds, claiming that the earlier alleged non-delivery left his counsel unable to adequately prepare arguments in the appeal. In connection with that motion, Nguhlefeh Njilefac submitted two declarations (one from his counsel and one from another attorney who shared the same mailbox) stating that his counsel never received the relevant documents. Those two declarations were signed "under penalty of perjury"—but did not represent that the statements were "true and correct." The attorney who shared the mailbox explained: "The postman delivers my mail into the same box as for [the law firm representing Nguhlefeh Njilefac]. Staff from either of our offices may collect mail. Neither I nor my staff, *to my knowledge*, have seen or received any mail

2

No. 20-60520

pertaining to . . . Nguhlefeh Njilefac . . . ."[1] (emphasis added). Nguhlefeh Njilefac's attorney stated that she "searched [her] office thoroughly" and did not receive the documents. However, nothing was said about whether any staff persons in that office had been surveyed to see if they received the documents. Neither attorney statement, then, conclusively negated the possibility their staff received the documents in question.

The Board denied Nguhlefeh Njilefac's motion, concluding that Nguhlefeh Njilefac had not overcome the presumption that the documents were delivered and stating that the submitted declarations were not sworn affidavits; the documents had been sent to Nguhlefeh Njilefac's counsel's address of record; the documents were not returned as undelivered; and Nguhlefeh Njilefac's counsel had apparently received other materials from the Board sent to the same address. Nguhlefeh Njilefac timely petitioned our court for review.

We have jurisdiction to review the Board's decision denying Nguhlefeh Njilefac's motion for reconsideration under 8 U.S.C. § 1252(a). *See Kucana v. Holder*, 558 U.S. 233, 253 (2010). We review the Board's decision on a motion for reconsideration or a motion to reopen[2] for abuse of

---

[1] A statement that something is true "to [an individual's] knowledge" communicates that the individual lacks personal familiarity with the matter asserted. Such a statement, without more, therefore has no evidentiary value. *See, e.g.*, *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990) (concluding that an affidavit made "to the best of [declarant's] knowledge and belief" was not based on personal knowledge and was therefore "legally insufficient" to prove the truth of its contents); *Lopez-Carrasquillo v. Rubianes*, 230 F.3d 409, 414 (1st Cir. 2000) (same); *Garmon v. Lumpkin Cnty.*, 878 F.2d 1406, 1408–09 (11th Cir. 1989) (same); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam) ("[O]nly [an] affidavit made on personal knowledge has any value ('to the best of my knowledge and belief' is insufficient).").

[2] There is some debate between the parties whether Nguhlefeh Njilefac's motion is better characterized as a motion for reconsideration or as a motion to reopen. Although

No. 20-60520

discretion. *INS v. Doherty*, 502 U.S. 314, 322–23 (1992); *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018) (per curiam). We will not overturn the Board's decision to deny either type of motion unless the decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."[3] *Nunez*, 882 F.3d at 505 (internal quotation marks and citation omitted). We defer to the Board's factual findings if they are supported by substantial evidence and will not overturn a factual determination "unless the evidence compels a contrary conclusion." *Id.* (internal quotation marks and citation omitted). Moreover, even if the Board erred at some point in its analysis, we can still uphold its ultimate decision if "there is no realistic possibility" that the Board's conclusion would have been different absent the error. *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010) (internal quotation marks and citation omitted).

Against this backdrop, Nguhlefeh Njilefac primarily contends that the Board incorrectly determined that his counsel had received the briefing schedule, transcript, and written decision. He takes particular aim at the Board's treatment of the declarations he submitted, arguing that the Board erroneously disregarded them because they were not sworn affidavits.

We generally presume that mailed documents reach their intended recipient. *Nunez*, 882 F.3d at 506; *see also In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 735 (5th Cir. 1995). Even assuming arguendo that the Board erred by

litigants typically bring a motion to reopen when alleging nonreceipt of documents, the difference between the two types of motions has no impact on the resolution of this case—the Board's decision did not turn on the title of Nguhlefeh Njilefac's motion and, in any event, our review is essentially the same with respect to either motion. *See Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).

[3] We note that these types of motions are particularly disfavored in immigration proceedings. *Doherty*, 502 U.S. at 322–23.

giving the declarations less weight than sworn affidavits (or by otherwise disregarding them),[4] the Board did not abuse its discretion in concluding that Nguhlefeh Njilefac failed to rebut the presumption of delivery. The declarations submitted by Nguhlefeh Njilefac's counsel and his counsel's officemate stated only that the counsel had not received the relevant documents—which is typically insufficient to cast doubt on a delivery, especially where, as here, our review is highly deferential and especially since it is not clear that staff did not receive the relevant documents. *In re Eagle Bus*, 62 F.3d at 735 (noting that, although it can create a fact issue, "[a] denial of receipt is insufficient to rebut a presumption that proper notice was given"); *see also Mauricio-Benitez v. Sessions*, 908 F.3d 144, 150 (5th Cir. 2018) (concluding that the Board did not err in determining that the presumption of delivery applied notwithstanding a party's affidavit indicating nonreceipt); *Nunez*, 882 F.3d at 507 (concluding that the Board

---

[4] The parties both seem to think that the Board did not consider the declarations at all, but it appears that the Board may have simply found the "declarations" less credible because they were not sworn-to. We generally treat a declaration made "under penalty of perjury" the same as a sworn affidavit so long as it "substantially" follows a particular form. 28 U.S.C. § 1746 (giving such a declaration "like force and effect" to a sworn affidavit).

As relevant to this case, however, our circuit does not appear to have addressed either: (1) whether a "declaration" passes muster if, as here, it was made "under penalty of perjury" but does not represent that its contents are "true and correct," thereby failing to comply with the full text of § 1746; or (2) whether a "declaration" that fails to comply with all of the requirements of § 1746 must be treated as *equally credible* to a sworn affidavit. *Cf. Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) (concluding that a declaration that did not include *either* phrase did not comply with § 1746 because it "allow[ed] the affiant to circumvent the penalties for perjury"); *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n.2 (5th Cir. 2013) (considering a qualifying declaration as equivalent to a sworn affidavit in determining whether a genuine issue of material fact existed for the purposes of a motion for summary judgment). We need not answer those questions today; even if we treat the declarations at issue here as equivalent to sworn affidavits in all respects, Nguhlefeh Njilefac fails to rebut the presumption of delivery under the relevant standard of review.

did not err in determining the presumption of delivery applied to documents sent to a party's mailing address but were alleged not to have reached their intended recipient due to "failed internal workings of a household").

Moreover, the Board's decision was supported by substantial contrary evidence in the record indicating that the documents had been delivered. As the Board indicated, the documents were not returned as undelivered, and previous materials (including the Board's earlier decision) had been sent to the same address, apparently without difficulty. These facts reinforce the presumption that the documents reached Nguhlefeh Njilefac's counsel's office. We therefore hold that the Board's conclusion that the presumption of delivery applied was not "so irrational that it [wa]s arbitrary."[5] *Id.* at 505 (internal quotation marks and citation omitted). Indeed, these facts are enough to demonstrate that there is "no realistic possibility" that the Board would have granted Nguhlefeh Njilefac's motion even if it had treated the declarations as equivalent to sworn affidavits. *Enriquez-Gutierrez*, 612 F.3d at 407 (internal quotation marks and citation omitted).

Nguhlefeh Njilefac's argument that the Board should have reconsidered its decision in light of the declarations therefore fails. Because the Board acted within its discretion in applying the presumption of delivery, Nguhlefeh Njilefac's remaining arguments—all stemming from the alleged nonreceipt of the documents and his alleged inability to file a responsive brief—also fail. *See, e.g.*, *Tima v. Gonzales*, 156 F. App'x 717, 719 (5th Cir. 2005) (per curiam) (rejecting due process challenges related to a party's

---

[5] For the first time on appeal, Nguhlefeh Njilefac asserts that something out of the ordinary could have nonetheless happened with respect to this particular delivery—specifically, that the documents could have been part of a batch of mail that had been scattered on the side of the road—but that contention is nowhere to be found in the declarations he actually submitted to the Board.

No. 20-60520

alleged nonreceipt of immigration hearing transcripts because the party did not present sufficient evidence suggesting nonreceipt).

Accordingly, we DENY the petition for review.