# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2022

Lyle W. Cayce
Clerk

No. 20-60488

Norma Noemi Carranza-Albayero,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of and Order of the
Board of Immigration Appeals
BIA No. A094 797 352

Before Wiener, Graves, and Duncan, *Circuit Judges*.
James E. Graves, Jr., *Circuit Judge*:*

Norma Noemi Carranza-Albayero seeks review of a Board of Immigration Appeals (BIA) order denying her motion to reconsider its summary affirmance of an immigration judge's (IJ) refusal to reopen her removal proceedings. Carranza-Albayero contends that the BIA failed to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60488

address her argument that she received faulty notice of her removal order. Because we lack jurisdiction over this matter, we dismiss it.

I.

Carranza-Albayero is an El Salvadorean citizen who entered the United States without inspection in 2006. The day she entered the United States, she was charged as removable and was personally served with a notice to appear (NTA) at a removal hearing. The NTA informed her of the consequences of failing to appear at the hearing and instructed her to keep the immigration court apprised of any changes to her mailing address. Carranza-Albayero did not appear at her hearing and was ordered removed in absentia on July 13, 2006, the date specified on her NTA. The removal order was mailed to Carranza-Albayero's address of record in Houston, but it was returned with a "wrong address" notation.

Carranza-Albayero learned about the removal order twelve years later when Immigration and Customs Enforcement agents came to her door in Virginia. She then moved to reopen her proceedings and rescind the in absentia removal order. An IJ denied that motion, refusing to exercise his reopening authority on a number of grounds. Carranza-Albayero appealed that decision to the BIA, but she challenged only the IJ's refusal to reopen the proceedings sua sponte. The BIA summarily affirmed. Carranza-Albayero did not appeal the summary denial to this court. Instead she asked the BIA to reconsider, again challenging only the IJ's refusal to exercise its sua sponte reopening authority. The BIA refused to reconsider its initial affirmance, this time issuing a reasoned opinion. Carranza-Albayero timely petitioned this court for review of the BIA's denial of her motion for reconsideration.

The parties agree that we have jurisdiction under 8 U.S.C. § 1252, at least insofar as Carranza-Albayero seeks review of the BIA's denial of the motion to reconsider. We disagree.

## II.

This appeal highlights the procedural and jurisdictional hurdles to challenging in absentia removal orders. An alien who fails to appear at her removal hearing despite written notice "shall be ordered removed in absentia" unless the government fails to prove her removability. 8 U.S.C. § 1229a(b)(5)(A). An alien seeking to challenge an in absentia removal order must file a motion with the immigration court, which either seeks reopening and reconsideration of the removal order or asserts that her NTA was faulty under the Immigration and Naturalization Act. *Id.* § 1229a(b)(5)(C). *See Singh v. Gonzales*, 436 F.3d 484, 489 (5th Cir. 2006). Carranza-Albayero received proper notice of her removal proceedings under the INA. This case concerns her attempt to get the immigration judge to reopen and reconsider her in absentia removal order.

## A.

An alien may file one motion to reconsider a decision that she is removable. 8 C.F.R. § 1003.23(b). But she has a few options for how to seek reconsideration. She can invoke: (i) the immigration court's *regulatory* power to "sua sponte" reopen proceedings under 8 C.F.R. §§ 1003.23(b) or 1003.2(a); and/or (ii) her *statutory* right to reopen proceedings under 8 U.S.C. § 1229a(c)(7). *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 341 (5th Cir. 2016). In a regulatory motion to reopen, the petitioner invokes the IJ's discretionary authority to reopen removal proceedings "sua sponte." *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304 (5th Cir. 2017). Whichever route the petitioner chooses, "a motion to reopen that does not comply with the requirements of § 1229a(c)(7) must be construed as a regulatory motion to reopen—even if it is labeled as a statutory motion to reopen." *Lugo-Resendez*, 831 F.3d at 342. One such requirement is timeliness. While a

regulatory motion may be filed "at any time,"[1] a motion for statutory reopening must be filed within ninety days of the final removal order. 8 U.S.C. § 1229a(c)(7)(C)(i). The deadline for statutory reopening is, however, subject to tolling. *Lugo-Resendez*, 831 F.3d at 344-45. Thus, an untimely motion to reopen that does not seek equitable tolling will be deemed a motion for regulatory reopening regardless of how the motion is labeled.

## B.

The automatic conversion of statutorily deficient motions to reopen has jurisdictional significance. While circuit courts have jurisdiction to review denials of motions for statutory reopening, *see Mata v. Lynch*, 576 U.S. 143, 149 (2015), they lack jurisdiction to review decisions to decline *sua sponte* (*i.e.* regulatory) reopening. *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206 (5th Cir. 2017). We may review appeals from a BIA decision involving *both* statutory and regulatory reopening power, but only insofar as the decision involves statutory reopening. *Mata*, 576 U.S. at 149. And because we automatically convert statutorily deficient motions to reopen into motions for regulatory reopening, the BIA's treatment of an untimely motion to reopen is generally unreviewable in this court. *Lugo-Resendez*, 831 F.3d at 342. The statutory deadline for motions to reopen, however, is subject to tolling. *Id.* at 343. Thus, although a statutorily deficient motion to reopen—*e.g.*, an untimely motion to reopen—will be treated as a regulatory motion (thus

---

[1] Section 1229a(c)(6)(B) provides that a motion to reconsider "must be filed within 30 days of the date of entry of a final administrative order of removal," and section 1229a(c)(7)(C)(i) mandates that a motion to reopen "shall be filed within 90 days of the date of entry of a final administrative order of removal." The Code of Federal Regulations provides that an immigration judge may upon "his or her own motion" "*at any time* . . . reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals." 8 C.F.R. § 1003.23(b) (emphasis added). The regulations also provide that the BIA "may *at any time* reopen or reconsider" on its own motion any case in which it has rendered a decision. 8 C.F.R. § 1003.2(a) (emphasis added).

depriving this court of jurisdiction to review the BIA's treatment of such an order), we have held that a petitioner can get around this bar by asking the IJ to toll the statutory limitations period.[2] *See Lugo-Resendez*, 831 F.3d at 342-43.

The last piece of the framework necessary to determine our jurisdiction in this case involves the alien's choice of which order to appeal. "[T]he BIA's denial of an appeal and its denial of a motion to reconsider are two separate final orders, each of which require[s] [its] own petitions for review." *Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006) (internal quotation marks and citation omitted). A petition for review of an order denying a motion for reconsideration does not automatically bring up for review an *underlying* order denying a motion to reopen. *See Kane v. Holder*, 581 F.3d 231, 237 n.14 (5th Cir. 2009). An appeal from the BIA's motion to reopen does not necessarily allow us to review the underlying order. But a petitioner can secure review of the underlying order by urging, in her motion for reconsideration, the issue over which judicial review is sought. *See Stone v. I.N.S.*, 514 U.S. 386, 405-06 (1995).

## C.

To recap this case's facts: On April 10, 2019, the Immigration Judge ("IJ") denied Carranza-Albayero's motion to reopen in absentia removal proceedings. The IJ refused to exercise its statutory *and* regulatory reopening power. Carranza-Albayero appealed that decision to the BIA, but she challenged *only* the IJ's refusal to sua sponte reopen the proceedings. The

---

[2] A motion for regulatory reopening must show "exceptional circumstances." 8 C.F.R. § 10032.23(a). Alternatively, to be entitled to equitable tolling, the petitioner must establish "two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Lugo-Resendez*, 831 F.3d at 344 (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016)).

BIA then summarily affirmed IJ's decision. Carranza-Albayero did not appeal that summary denial to this court, instead she sought reconsideration with the BIA, again challenging *only* the IJ's refusal to exercise sua sponte reopening authority. The BIA then denied reconsideration of its summary decision.

Carranza-Albayero purports to appeal only the BIA's decision denying her reconsideration motion, but she avers that we also have jurisdiction to review the original BIA decision summarily affirming the IJ's refusal to exercise regulatory *or* statutory reopening authority. That is often the case. *See Mata*, 576 U.S. at 147-48. But not here. First, Carranza-Albayero's motion to reopen was indisputably late and she did not seek tolling of the limitations period. The motion thus is deemed a motion for sua sponte reopening which we lack jurisdiction to review.

The second reason we lack jurisdiction pertains to the notices of appeal. The IJ refused to exercise *either* its statutory or its regulatory reopening power. Thus, in theory we have jurisdiction to review the statutory reopening decision. However, in both of her appeals to the BIA, Carranza-Albayero asserted only one "[i]ssue [p]resented": whether the IJ erred in his exercise of "sua sponte authority." And Carranza-Albayero's petition for review in this court challenges only the BIA's denial of the motion to reconsider. So Carranza-Albayero did not preserve for our review the underlying IJ's decision pertaining to its statutory reopening power. *See Guevara*, 450 F.3d at 176. Instead, she only preserved the regulatory reopening issue. And under our caselaw, which the Supreme Court has not disturbed, we lack jurisdiction over that issue. *Lugo-Resendez*, 831 F.3d at 343.

The parties rely on *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362 (5th Cir. 2021), to establish jurisdiction. In that case, we exercised jurisdiction under somewhat similar circumstances. *Id.* at 365. There, an IJ had denied asylum to the petitioner, who appealed to the BIA. Petitioner's counsel,

however, never filed any briefing before the BIA. *Id.* at 364. The BIA sent the petitioner's counsel a briefing schedule to the address on file, but counsel said he never received the schedule. *Id.* After the BIA upheld the IJ's decision, resolving the petitioner's arguments raised in the notice of appeal, the petitioner sought reconsideration on due process grounds. *Id.* The BIA denied the motion for reconsideration, and the petitioner sought review in this court. We said that we had "jurisdiction to review the Board's decision denying [the petitioner's] motion for reconsideration under 8 U.S.C. § 1252(a)." *Id.* at 365. But because the petitioner's motion for reconsideration was timely filed, it could properly be treated as a motion for statutory reopening. *See id. Nguhlefeh Njilefac* does not disturb the framework described above.

In sum, we lack jurisdiction over this petition for review of a BIA decision pertaining only to regulatory reopening power. We therefore DISMISS the petition.