# United States Court of Appeals
# for the Fifth Circuit

No. 20-61136
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 7, 2022

Lyle W. Cayce
Clerk

Pedro Perez-Hernandez,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A035 303 094

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Pedro Perez-Hernandez petitions this court for review of the order by the Board of Immigration Appeals denying his motion to reopen or reconsider his removal proceedings and determining that he has not

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61136

established derivative United States citizenship.  We DISMISS in part and DENY in part the petition.

FACTUAL AND PROCEDURAL BACKGROUND

In January 1976, Pedro Perez-Hernandez, a native and citizen of Mexico, was admitted into the United States as a lawful permanent resident. In November 2012, Perez-Hernandez was convicted in the United States District Court for the Southern District of Alabama for the offense of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).  In 2014, the Department of Homeland Security ("DHS") served Perez-Hernandez with a Notice to Appear ("NTA") and filed it with the immigration court.  He was charged with being removable under 8 U.S.C. § 1227(a)(2)(C) as an alien convicted of a firearms offense after admission.

On January 5, 2015, Perez-Hernandez, proceeding *pro se*, admitted the allegations in the NTA.  At first, he admitted he was not a citizen or national of the United States, but then he argued he was an American citizen.  The immigration judge ("IJ") continued the case to allow Perez-Hernandez to develop his citizenship claim.  On January 15, 2015, based on DHS's submission of conviction records, the IJ found Perez-Hernandez was removable as charged in the NTA.  DHS stated that in October 1992, an IJ granted Perez-Hernandez's application for a waiver pursuant to what is now Section 1182(c) of the Immigration and Nationality Act ("INA"), which made him ineligible for cancellation of removal.  *See* 8 U.S.C. § 1229b(c)(6). Perez-Hernandez then sought asylum, withholding of removal, and protection under the regulations implementing the United Nations Convention Against Torture ("CAT") because he feared returning to Mexico.  He reasoned, "it's been a very long time since [he had] been in Mexico," and he heard there was "a lot of violence [in Mexico], especially in Matamoros."

No. 20-61136

Throughout his immigration proceedings, Perez-Hernandez proceeded *pro se*. The transcripts demonstrate he generally struggled with understanding and interpreting key legal concepts. Most importantly, Perez-Hernandez demonstrated difficulty in understanding how to verify if he is a citizen based on his purported adoption by an American citizen. He became a lawful permanent resident when he was 17 years old and claims he was adopted by his stepfather, who is a United States citizen by birth. Perez-Hernandez has no evidence of formal adoption, and there was no adoption documentation in the visa petition filed by his stepfather.

Even after the IJ granted multiple continuances, the only document substantiating the purported adoption is the I-130 Petition for Alien Relative that Perez-Hernandez's stepfather filed. A box on the form was checked for being an "immediate relative of a United States citizen"; the form states Perez-Hernandez is the "step-son" of Herbert Weiss, a United States citizen; and "yes" is written in response to the questions of whether "the child [is] your adopted child" and whether "beneficiary and petitioner [are] related by adoption?" Perez-Hernandez claimed the federal government has some record of this adoption and sought to subpoena documents regarding such records. He erroneously argues the I-130 itself is sufficient to establish adoption.

In the final hearing, the IJ orally rejected Perez-Hernandez's claim of United States citizenship. In his written decision, the IJ denied Perez-Hernandez's claims for asylum, withholding of removal, and relief under CAT. Perez-Hernandez appealed to the Board of Immigration Appeals ("BIA"), and the BIA dismissed his appeal.

Regarding Perez-Hernandez's citizenship, the BIA relied on its own precedent to hold that Perez-Hernandez's birth in Mexico "gives rise to a rebuttable presumption of alienage, shifting the burden to [him] to come

No. 20-61136

forward with evidence to substantiate his citizenship claim." The BIA stated that at the time Perez-Hernandez claims to have gained derivative citizenship, the current Child Citizenship Act of 2000 ("CCA") had not yet been adopted. Consequently, the claim of citizenship had to be examined under the law that predated the CCA. According to the BIA, prior to 1978, there was no U.S. law that automatically "allowed adopted children to derive citizenship from their adoptive U.S. citizen parent," although an adoptive parent could request citizenship for an adopted child who was not yet a citizen. Because Perez-Hernandez "ha[d] not shown that any such application was filed on his behalf and granted," the BIA found that "he has not demonstrated that he is a United States citizen."

The BIA upheld the IJ's finding that DHS established by clear and convincing evidence that Perez-Hernandez was removable as an alien convicted of an aggravated felony due to his conviction under 18 U.S.C. § 922(g)(1). Further, the BIA agreed his conviction was final for immigration purposes even if he was pursuing post-conviction relief. The BIA determined Perez-Hernandez was ineligible for cancellation of removal and asylum due to his conviction for an aggravated felony. It also agreed with the IJ's alternative finding that Perez-Hernandez failed to establish eligibility for asylum or withholding of removal due to his failure to demonstrate any past persecution. He had only expressed "a generalized fear of harm from gangs and criminal elements in Mexico," which was not a basis for an asylum claim. The BIA also rejected Perez-Hernandez's request for protection under CAT.[1] The BIA dismissed his appeal.

--------

[1] The BIA also declined to consider Perez-Hernandez's submission of additional evidence to the BIA, because this evidence was submitted for the first time on appeal and the BIA reviews the record before the IJ. The BIA determined that, even if it construed Perez-Hernandez's submission as a motion to remand, remand was not warranted, because

No. 20-61136

Perez-Hernandez filed three motions to reopen or reconsider. The denial of the last of these motions is now before this court on a petition for review.

## DISCUSSION

Perez-Hernandez raises three main issues on appeal. First, he seeks review of the BIA's refusal to reopen *sua sponte*. Second, he argues the BIA abused its discretion by denying his third motion to reopen or reconsider as untimely. Third, he seeks review of the BIA's determination that he did not establish derivative United States citizenship. We separately address each argument.

"We review the Board's decision on a motion for reconsideration or a motion to reopen for abuse of discretion." *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 (5th Cir. 2021) (citations omitted). We will uphold the BIA's decision unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018) (quoting *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006)). In reviewing the BIA's decision, this Court "will evaluate the immigration judge's underlying decision only if it influenced the BIA's opinion." *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 204 (5th Cir. 2017) (citation omitted). We review the BIA's conclusions of law *de novo* and factual findings for substantial evidence. *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (citations omitted).

---

he failed to show his evidence was new and previously unavailable or that it would likely change the outcome of his case.

No. 20-61136

*i.*     *BIA's denial of the motion to reopen* sua sponte

Perez-Hernandez seeks review of the BIA's decision to deny his motion to reopen his removal proceedings *sua sponte*. We lack jurisdiction to review the BIA's discretionary decision to decline *sua sponte* reopening. *Hernandez-Castillo*, 875 F.3d at 206-07 (collecting cases). We have jurisdiction, though, to consider constitutional challenges raised before the BIA. 8 U.S.C. § 1252(a)(2)(D). While Perez-Hernandez raises several constitutional challenges,[2] he does not allege that the BIA's refusal was based upon a constitutional error, nor do we detect such an error. Accordingly, we do not have jurisdiction to review the BIA's discretionary decision not to reopen Perez-Hernandez's removal proceedings *sua sponte*.

*ii.*     *BIA's denial of the third motion to reopen or reconsider as untimely*

Perez-Hernandez contends the BIA abused its discretion in denying his third motion to reopen or reconsider as untimely. Generally, a motion to reopen must be filed within 90 days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Similarly, a motion to reconsider generally must be filed within 30 days of a final order of removal. 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). Here, the final removal order was the BIA's July 29, 2015, decision affirming the IJ's order. *See* 8 U.S.C. § 1101(a)(47)(B). Perez-Hernandez filed his last motion to reopen five years later on July 29, 2020 — well over four years late. The BIA found Perez-Hernandez did not establish an excuse for missing the motion deadline. Moreover, Perez-Hernandez has not established that an exception to the time-bar on motions to reopen or reconsider applies.[3] *See* 8 U.S.C. §

---

[2] Perez-Hernandez raises Due Process challenges under the Fourteenth and Fifth Amendments and a claim for ineffective assistance of counsel under the Sixth Amendment.

[3] Exceptions to the time limitations on motions to reopen apply in the following circumstances: (1) the alien is seeking asylum or withholding of removal based on changed

1229a(c)(7); 8 C.F.R. § 1003.2(a), (c)(3); *Matter of J-J-*, 21 I&N Dec. 976, 984 (BIA 1997). Consequently, the BIA did not abuse its discretion in finding his motion to reopen or reconsider was untimely. In addition, the BIA did not abuse its discretion in finding he failed to support his motion to reopen with new or previously unavailable evidence material to his relief claims. Accordingly, his petition for review of the BIA's denial of his motion to reopen or reconsider is denied.

### iii.    *BIA's determination that Perez-Hernandez is not a U.S. citizen*

Although the BIA rejected Perez-Hernandez's derivative citizenship claim in 2015, he has raised it again in these proceedings. He asserts he derived United States citizenship through his citizen stepfather. Perez-Hernandez's citizenship claim is a question of law that we review *de novo*. *See Marquez-Marquez v. Gonzales*, 455 F.3d 548, 554 (5th Cir. 2006) (citation omitted).

Perez-Hernandez was born in Mexico in 1958, and both his parents were citizens of that country. Thus, he has the burden to establish by a preponderance of credible evidence that he is a United States citizen. *See Ayton v. Holder*, 686 F.3d 331, 335 (5th Cir. 2012). Doubts about the evidence are resolved against a finding of citizenship. *Bustamante-Barrera v. Gonzales*, 447 F.3d 388, 394–95 (5th Cir. 2006).

The BIA was correct that the CCA does not apply to Perez-Hernandez, because he was not under 18 years of age on February 27, 2001, the CCA's effective date. *See Marquez-Marquez*, 455 F.3d at 550 n.3. Thus,

---

country conditions; (2) the alien is seeking rescission of an *in absentia* removal order; (3) the government seeks termination of asylum; or (4) the government and the alien jointly filed the motion. 8 C.F.R. § 1003.2(c)(3).

his derivative citizenship claim must be evaluated by reference to the law in effect prior to the CCA's effective date. *Id.*

As the BIA noted, before 1978, there was no federal law allowing adopted children to derive citizenship automatically from an adoptive United States citizen parent. Instead, an adoptive parent could petition for the naturalization of their adopted child. *See* 8 U.S.C. § 1434(a) (repealed 1978). Even if Perez-Hernandez could verify he was adopted,[4] he has not shown that his alleged adoptive father filed such an application on his behalf or that it was granted. Therefore, he has not met his burden to establish he attained citizenship by virtue of his alleged adoption.

The statute in effect pre-CCA for derivative citizenship was former Section 321 of the INA. *See* 8 U.S.C. § 1432 (repealed 2000); *Matter of Rodriguez-Tejedor*, 23 I&N Dec. 153, 163 (BIA 2001). Section 321(a) automatically granted derivative citizenship to a minor child born outside of the United States to alien parents in a few circumstances. That former statute required both parents to be naturalized, or the parent with legal custody to be naturalized, and the naturalization must have occurred before the child was 18 years old. 8 U.S.C. § 1432 (a)(1)–(5) (repealed 2000). Section 321(b) provided that Subsection (a) applied to an adopted child only if the child resided in the United States at the time of the adoptive parent's naturalization and had been lawfully admitted for permanent residence. *Id.* § 1432(a)(5).

The BIA rightly found Perez-Hernandez could not derive citizenship under Section 321, because even if he established he was legally adopted by

---

[4] The BIA concluded Perez-Hernandez did not show he had been legally adopted by his stepfather.

No. 20-61136

his United States citizen stepfather,[5] Perez-Hernandez failed to show his mother naturalized while he was under the age of 18. Thus, Perez-Hernandez has not satisfied the statutory requirements for derivative citizenship.

The burden was on Perez-Hernandez to provide evidence of his citizenship. He failed to do so.

The petition is DISMISSED in part and DENIED in part.

---

[5] Regardless of whether Perez-Hernandez could establish adoption, he could not prove he would have derived automatic citizenship, because he cannot satisfy the statutory requirement of showing that at least one of his parents naturalized before he turned 18. We therefore do not reach the issue of adoption by estoppel raised by Perez-Hernandez on appeal.