# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 28, 2023

Lyle W. Cayce
Clerk

No. 23-60185
Summary Calendar

———————————

Fermin Fernando Mosivais-Avalos,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A075 374 915

———————————————————————

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Fermin Fernando Mosivais-Avalos, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion to reopen. His motion asserted counsel rendered ineffective assistance by failing to: challenge the termination of his conditional permanent resident (CPR) status; and submit documents relevant to another

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

application for adjustment of status. The BIA denied his motion after concluding Mosivais had not: submitted previously unavailable evidence; shown *prima-facie* eligibility for adjustment of status; or complied with the requisite procedural requirements.

Motions to reopen are "disfavored". *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 n.3 (5th Cir. 2021). Our court reviews the BIA's denial "under a highly deferential abuse-of-discretion standard". *Ovalles v. Rosen*, 984 F.3d 1120, 1123 (5th Cir. 2021) (citation omitted). The BIA's decision will not be disturbed unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Nguhlefeh Njilefac*, 992 F.3d at 365 (citation omitted).

Mosivais fails to brief, and therefore abandons, his challenges to the BIA's conclusions that he failed to submit previously unavailable evidence and had not shown *prima-facie* eligibility. *See Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022) (forfeiting specific contentions on appeal by not briefing); *Matter of Coelho*, 20 I. & N. Dec. 464, 471–73 (BIA 1992) (failing to provide previously unavailable evidence is grounds for denial); *Parada-Orellana v. Garland*, 21 F.4th 887, 893 (5th Cir. 2022) (failing to make *prima-facia* showing of relief is grounds for denial).

His failure to show *prima-facie* eligibility is dispositive for his adjustment-of-status claim. *See Lopez-Perez*, 35 F.4th at 957 n.1; *Parada-Orellana*, 21 F.4th at 893. He also does not show any error in the BIA's concluding he failed to comply with the requisite procedural requirements. *See Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988) (requiring motion to "reflect whether a complaint" was filed regarding representation, "and if not, why not").

Because failure to comply with *Lozada* is sufficient to uphold the BIA's conclusion concerning his CPR claim, our court need not consider Mosivais' remaining contentions. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *Rodriguez-Manzano v. Holder*, 666 F.3d 948, 953 (5th Cir. 2012) (affirming BIA's denying motion to reopen).

DENIED.