# United States Court of Appeals for the Fifth Circuit

---

No. 24-60180
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2024

Lyle W. Cayce
Clerk

Martir Saul Andrade Cruz,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A096 038 873

---

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Martir Saul Andrade Cruz, a native and citizen of El Salvador, petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen and to terminate proceedings. Motions to reopen are "particularly disfavored." *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 n.3 (5th Cir. 2021). Consequently, we review the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

BIA's denial of such motions "under a highly deferential abuse-of-discretion standard." *Ovalles v. Rosen*, 984 F.3d 1120, 1123 (5th Cir. 2021) (internal quotation marks and citation omitted). The BIA's denial of a motion to terminate proceedings is also reviewed for an abuse of discretion. *Gottesman v. INS*, 33 F.3d 383, 388 (4th Cir. 1994). Under this standard, we will affirm unless the agency's decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Nguhlefeh Njilefac*, 992 F.3d at 365 (internal quotation marks and citation omitted). Andrade Cruz has not met this standard.

His argument that his notice to appear (NTA) was fatally flawed, and failed to confer jurisdiction upon the immigration court, because it did not give a time and place for his hearing, and that the BIA erred by not terminating his proceedings due to this flaw, fails because the single-document requirement for an NTA does not affect the jurisdiction of the immigration court. *See Maniar v. Garland*, 998 F.3d 235, 242 (5th Cir. 2021). His argument that his due process rights were infringed because the NTA did not inform him of the time and place of his hearing likewise fails because he attended the hearing and does not explain how that alleged flaw in the NTA prejudiced him. *See Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020). Because he fails to explain how the BIA's application of *Matter of Fernandes*, 28 I. & N. Dec. 605, 608-11 (BIA 2022), to his case prejudiced him, his due process claim grounded in that application also fails. *See Arteaga-Ramirez*, 954 F.3d at 813. We lack jurisdiction to consider his argument concerning the BIA's decision not to exercise its power to sua sponte reopen his proceedings. *Qorane v. Barr*, 919 F.3d 904, 911-12 (5th Cir. 2019).

Finally, he has not shown that the BIA abused its discretion by rejecting his equitable tolling argument and holding that his motion to reopen

was time-barred.  Assuming arguendo that the new case on which he relies could be a basis for equitable tolling, then his claim would still fail because he shows no error in connection with the BIA's determination that he failed to show when he learned of this case and thus failed to show that he acted diligently.  *See Mejia v. Barr*, 952 F.3d 255, 259 (5th Cir. 2020); *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 305 (5th Cir. 2017).  Because the BIA's time-bar determination provides an adequate basis on which to uphold its denial of Andrade Cruz's motion to reopen, we need not consider his arguments concerning the merits of his claim for cancellation of removal.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).  The petition for review is DENIED in part and DISMISSED in part for want of jurisdiction.