# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-60042
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2024

Lyle W. Cayce
Clerk

Ricardo Francisco Romero Argueta,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A077 322 328

_____

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Ricardo Francisco Romero Argueta, a native of El Salvador and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his second motion to reopen. Motions to reopen are "particularly disfavored." *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 n.3 (5th Cir. 2021). Consequently, we review the BIA's denial of such

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

motions "under a highly deferential abuse-of-discretion standard." *Ovalles v. Rosen*, 984 F.3d 1120, 1123 (5th Cir. 2021) (internal quotation marks and citation omitted). Under this standard, we will affirm unless the agency's decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Nguhlefeh Njilefac*, 992 F.3d at 365 (internal quotation marks and citation omitted). Romero Argueta has not met this standard.

Insofar as he argues that his notice to appear was fatally flawed, thus depriving the immigration court of jurisdiction, because it omitted the time and date of his hearing, this argument is unavailing because the single-document requirement is a claims processing rule and does not have jurisdictional ramifications. *See Sandoval-Salmeron v. Garland*, No. 22-60569, 2023 WL 4532806 (5th Cir. July 13, 2023) (unpublished) (citing *Maniar v. Garland*, 998 F.3d 235, 242, 242 n.2 (5th Cir. 2021)). His related due process claim fails because reopening proceedings are discretionary and thus do not implicate due process. *See Ramos-Portillo v. Barr*, 919 F.3d 955, 963 (5th Cir. 2019). We lack jurisdiction to consider his challenge to the BIA's choice not to exercise its discretion to reopen his proceedings sua sponte. *Qorane v. Barr*, 919 F.3d 904, 911–12 (5th Cir. 2019). Moreover, he has failed to brief any challenge to the determination that he waived his challenge to the adequacy of the notice to appear by failing to brief it. *See Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022).

Finally, he shows no error in connection with the BIA's conclusions that his motion was untimely and number-barred and that he had not shown eligibility for equitable tolling.[1] *See Djie v. Garland*, 39 F.4th 280, 287–88

---

[1] We assume without deciding that equitable tolling can apply to the number bar.

No. 23-60042

(5th Cir. 2022); *Mejia v. Barr*, 952 F.3d 255, 259 (5th Cir. 2020); *Diaz v. Sessions*, 894 F.3d 222, 226 (5th Cir. 2018).  Because this determination is a sufficient foundation for the BIA's denial of the motion, we need not consider his remaining arguments.  *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).  The petition for review is DENIED in part and DISMISSED in part for want of jurisdiction.