# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-60571
Consolidated with
No. 23-60527

_____

Alfonso Recendiz-Fernandez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

United States Court of Appeals
Fifth Circuit

**FILED**
November 5, 2024

Lyle W. Cayce
Clerk

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 594 703

_____

Before Clement, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Alfonso Recendiz-Fernandez petitions for review of two decisions of the Board of Immigration Appeals (BIA):  The BIA's (1) dismissal of his appeal and affirmance of the holding by the Immigration Judge (IJ) that he

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

was ineligible for cancellation of removal; and (2) denial of his motion to reopen. For the following reasons, we deny his petitions for review.

## I.

Alfonso Recendiz-Fernandez, a native and citizen of Mexico, entered the United States without permission around 1995 or 1996. He has left and reentered the country multiple times since; most recently, he returned to Mexico for about fifteen days in 2003—after a DWI arrest in Waco, Texas—before reentering the United States illegally once again. In February 2010, Recendiz-Fernandez was arrested for hitting his wife, and he was convicted of assault in March 2010. Immigration and Customs Enforcement agents then served a Notice to Appear (NTA) on Recendiz-Fernandez on April 13, 2010, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. The NTA stated that a hearing would be held on "a date to be set" and at "a time to be set."

Recendiz-Fernandez appeared at an initial hearing before the IJ in January 2011, conceded removability, and applied for cancellation of removal. Then at a hearing in February 2017, he contended that his removal would cause "exceptional and extremely unusual hardship" for his two United States citizen children, who were thirteen and nine years old at the time. 8 U.S.C. § 1229b(b)(1)(D). The IJ denied the application in June 2019, the BIA dismissed the ensuing appeal in September 2022, and Recendiz-Fernandez timely petitioned this court for review in October 2022. *See* 8 U.S.C. § 1252(b)(1). In his petition, he challenged the BIA's affirmance of the IJ's finding that he was ineligible for cancellation of removal because he failed to show that his removal would result in exceptional and extremely unusual hardship to his children and asserted that his NTA was not sufficient to confer jurisdiction to the IJ.

22-60571
c/w No. 23-60527

Recendiz-Fernandez also filed a motion before the BIA to reopen his case, asserting ineffective assistance of counsel (IAC) during his prior proceedings before the BIA, and he asked this court to hold his appeal in abeyance pending disposition of the motion. A judge of this court denied his motion to stay the appeal. This court then dismissed his petition for review in part, following *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022), *abrogated by Wilkinson v. Garland*, 601 U.S. 209 (2024), which held that "the hardship determination for purposes of cancellation of removal 'is a discretionary and authoritative decision' which [the court] lack[ed] jurisdiction to review under 8 U.S.C. § 1252(a)(2)(B)(i)." *Recendiz-Fernandez v. Garland*, No. 22-60571, 2023 WL 6878910, at *1 (5th Cir. Oct. 18, 2023) (quoting 43 F.4th at 481). The court denied his NTA claim because it was forfeited, and it denied his abeyance request because the BIA had not yet decided the motion to reopen. *Id.* After the BIA denied his motion to reopen, Recendiz-Fernandez separately petitioned this court for review of that ruling. § 1252(b)(1).

In the interim, the Supreme Court held that "the application of the exceptional and extremely unusual hardship standard to a given set of facts is reviewable as a question of law under § 1252(a)(2)(D)." *Wilkinson*, 601 U.S. at 217. Accordingly, this court withdrew its prior opinion holding that we lacked jurisdiction to review Recendiz-Fernandez's hardship claim, granted his pending motion for rehearing, and consolidated his two cases. *See* § 1252(b)(6).

In his consolidated petitions, Recendiz-Fernandez contends that the BIA erred in rejecting his cancellation of removal claim based on extremely unusual hardship to his United States citizen children; his NTA was insufficient to confer jurisdiction over his proceedings because it did not

contain a time and date for his hearing; and the BIA erred by rejecting his IAC claims and denying his motion to reopen.[†]

## II.

We review the BIA's factual findings for substantial evidence, and its legal conclusions *de novo*. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial evidence standard, reversal is improper unless the court decides "not only that the evidence supports a contrary conclusion, but also that the evidence compels it." *Id.* at 518 (quoting *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006)). This court considers the IJ's decision only to the extent it influenced the BIA. *Id.* at 517. Because the BIA in this case "adopt[ed] and affirm[ed] the decision of the Immigration Judge," our review encompasses the IJ's decision.

## III.

### A.

Recendiz-Fernandez argues that the BIA erred in affirming the IJ's conclusion that he was ineligible for cancellation of removal under § 1229b(b)(1) because he failed to show that his removal would result in exceptional and extremely unusual hardship to his children. An alien seeking cancellation of removal must show, *inter alia*, that his removal would cause "exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence," § 1229b(b)(1)(D), "beyond that typically associated

---

[†] On rehearing, Recendiz-Fernandez also renewed his request that these proceedings be held in abeyance pending the BIA's disposition of his motion to reopen. Because the motion to reopen has been adjudicated, this request is moot, and we thus deny relief and do not address this claim further. *See Dierlam v. Trump*, 977 F.3d 471, 476 (5th Cir. 2020).

with deportation," 8 C.F.R. § 1240.58(b). This court may not review the factual findings underlying the BIA's disposition of a cancellation claim. § 1252(a)(2)(D); *Wilkinson*, 601 U.S. at 222. However, the determination that a given set of facts does or does not amount to exceptional and extremely unusual hardship is a mixed question of fact and law that is reviewable. *Wilkinson*, 601 U.S. at 216–17. "Because this mixed question is primarily factual, that review is deferential." *Id.* at 225.

At the time of the 2017 hearing before the IJ, Recendiz-Fernandez lived approximately 165 miles away from his children, he saw them two weekends per month and during school holidays, bought them things they needed, and paid $700 per month in child support. Recendiz-Fernandez worked in construction and made between $1000 and $1800 a week. He asserted that if he were removed, he would have to live on a ranch raising cattle with his mother and grandmother and did not know how much money he could make. Recendiz-Fernandez thus was unsure who would support his children financially; their mother did not regularly work, but she occasionally sold tamales, earning between $200–250 a month.

Recendiz-Fernandez also asserted that his children's health would suffer if he were removed and could no longer have personal visits with them, and they were worried about him being removed. As an example, his daughter's school informed him that she was having behavioral issues, and she was taking medication to address this problem. Recendiz-Fernandez paid for the medication, but his daughter's mother procured and administered it. Recendiz-Fernandez attempted to help his daughter by regularly phoning her and advising her to "behave correctly." Recendiz-Fernandez had gone to her appointments and had attended meetings at her school when she lived in Austin, but she and her mother had moved to Houston about a year before the hearing. He had not been to any appointments or meetings since the

move. His son had asthma, but it was "controlled," and he was doing well in school at the time of the 2017 hearing.

The IJ rejected Recendiz-Fernandez's hardship grounds. The IJ explained that Recendiz-Fernandez was no longer romantically involved with the children's mother, and the children lived with their mother and her brother in Houston, while Recendiz-Fernandez lived with his new partner in Austin. Were Recendiz-Fernandez removed, the children's living situation would not change: They would stay in Houston with their mother, who was their primary caretaker, a good parent, and in good health. They would not change schools or doctors or their Medicaid health insurance. Recendiz-Fernandez's removal would thus not greatly change the children's day-to-day lives.

While Recendiz-Fernandez expressed concern about the children's health issues, he was not able to describe them in detail and conceded that their mother mostly helped the children with these issues. The IJ acknowledged Recendiz-Fernandez's assertion that he spoke on the phone with his daughter to help with her behavioral issues but found that these phone calls could continue whether Recendiz-Fernandez was in Texas or Mexico. Additionally, the level of financial hardship the children would suffer due to his departure was "not substantially beyond what would be expected if a family member were forced to leave the United States." The fact that the children were close to Recendiz-Fernandez and would miss him also did not rise to the level of exceptional and extremely unusual hardship. The IJ thus denied cancellation. The BIA adopted the IJ's analysis and affirmed the denial of relief.

Recendiz-Fernandez shows no error in the BIA's decision affirming the IJ. He argues that the BIA failed to consider evidence concerning the hardship the children will suffer due to his inability to help his daughter

regulate her behavior and to support them financially. Essentially, he contends that the BIA failed to consider all the evidence of hardship. But the record undermines this contention, as it demonstrates that the BIA considered both the specific factors he raises and the evidence as a whole. Certainly, the record before us does not compel the opposite conclusion, and the BIA did not misapply the statutory standard to the facts. *See Wilkinson*, 601 U.S. at 219.

Recendiz-Fernandez contends that his request for cancellation is similar to that in *Matter of Recinas*, 23 I. & N. Dec. 467 (BIA 2002). But this case is distinguishable from *Recinas*, which represented "the outer limit of the narrow spectrum of cases in which the exceptional and extremely unusual hardship standard will be met." *See* 23 I. & N. Dec. at 470. *Recinas* involved a single parent with four United States citizen children whose father was completely uninvolved in their upbringing. *Id.* at 470–71. The children would by necessity have accompanied Recinas if she were removed to Mexico, where she had no family who could help her with them. *Id.* at 470–72. By contrast, Recendiz-Fernandez's children would stay in this country with their mother, who has consistently been their primary caregiver. This case simply does not mirror *Recinas* or fall within "the narrow spectrum of cases in which the exceptional and extremely unusual hardship standard [is] met." *Id.* at 470. The BIA therefore properly rejected Recendiz-Fernandez's claim for cancellation of removal.

## B.

Recendiz-Fernandez next argues that his NTA was defective, and thus insufficient to confer jurisdiction over his proceedings, because it did not contain the time and date of removal proceedings, as required by § 1229(a)(1). He initially appeared pursuant to the NTA in January 2011 and participated in ongoing proceedings before the IJ between 2011 and 2017, but

he did not raise this argument until his initial petition in this court and his motion to reopen. As a claim-processing rule, violations of § 1229(a)(1), including noncompliant notices, are subject to waiver and forfeiture and must be raised before the close of pleadings before the IJ. *Matter of Fernandes*, 28 I. & N. Dec. 605, 608–09 (BIA 2022); *see Pierre-Paul v. Barr*, 930 F.3d 684, 693 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez v. Garland*, 593 U.S. 155 (2021). As the BIA concluded, Recendiz-Fernandez forfeited this claim by failing timely to raise the issue.

Assuming this claim was not forfeited, it nevertheless fails. *See Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 (5th Cir. 2021) ("[E]ven if the [BIA] erred at some point in its analysis, we can still uphold its ultimate decision if there is no realistic possibility that [its] conclusion would have been different absent the error.") (internal quotation marks omitted). Because § 1229(a)(1) is a claim-processing rule rather than a jurisdictional requirement, an NTA is sufficient to commence proceedings, i.e., to confer jurisdiction in the immigration court, even if it fails to include date and time information. *See, e.g.*, *Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021); *Pierre-Paul*, 930 F.3d at 693.

## C.

Finally, Recendiz-Fernandez contends that the BIA erred by rejecting his IAC claim, based on his counsel's failure to present evidence of hardship to his current wife, and denying his motion to reopen. Unlike Recendiz-Fernandez's NTA claim, the BIA considered the merits of this claim. Before the BIA, Recendiz-Fernandez asserted that his current wife's anxiety would worsen if he were removed. The BIA rejected his argument, finding that his wife had managed her anxiety since before their informal marriage and that her worsening anxiety would not cause hardship "beyond that typically associated with deportation." *See* 8 C.F.R. § 1240.58(b).

Because motions to reopen are "disfavored," their denial is reviewed "under a highly deferential abuse-of-discretion standard." *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 147 (5th Cir. 2018) (internal quotation marks omitted). Consequently, this court will deny a petition for review unless the agency's decision is "capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (internal quotation marks and alterations omitted). We discern no such error here. The record supports the BIA's findings regarding Recendiz-Fernandez's IAC claim. More fundamentally, aliens have no constitutional right to effective assistance of counsel when seeking discretionary relief such as cancellation. *Flores-Moreno v. Barr*, 971 F.3d 541, 545 n.2 (5th Cir. 2020). Thus, the BIA did not abuse its discretion in rejecting Recendiz-Fernandez's IAC claim and denying his motion to reopen. *See id.*; *see also Mauricio-Benitez*, 908 F.3d at 147 (quoting *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017)) (stating that motions to reopen are disfavored and that "[w]e may only overturn a BIA decision if it is 'capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach.'").

PETITIONS DENIED.