# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2025

Lyle W. Cayce
Clerk

———————

No. 24-60577
Summary Calendar

———————

Bexa Merari Hernandez-Lopez; Carlos Jafeth Mateo-Hernandez,

*Petitioners*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

————————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A206 848 110,
A206 848 111

————————————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Bexa Merari Hernandez-Lopez, and her minor child, Carlos Jafeth Mateo-Hernandez, both natives and citizens of Honduras, petition for review of an order of Board of Immigration Appeals (BIA) dismissing an appeal from an order of Immigration Judge (IJ) denying their motion to reopen and

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

rescind an in absentia removal order. Motions to reopen are "particularly disfavored." *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 n.3 (5th Cir. 2021). Consequently, this court reviews the BIA's denial of such motions "under a highly deferential abuse-of-discretion standard." *Ovalles v. Rosen*, 984 F.3d 1120, 1123 (5th Cir. 2021) (internal quotation marks and citation omitted). Under this standard, the agency's decision will stand unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Nguhlefeh Njilefac*, 992 F.3d at 365 (internal quotation marks and citation omitted). This standard has not been met.

Their argument that their motion to reopen and rescind the in absentia removal order should be granted because their notices to appear failed to list the time and date of their hearing is unavailing under *Campos-Chaves v. Garland*, 602 U.S. 447, 450 (2024). Their argument that they should not have been ordered removed in absentia because they did not receive their notices of hearing due to an immigration officer's error is, as the respondent notes, unexhausted, so we decline to consider it. *Carreon v. Garland*, 71 F.4th 247, 257 & n.11 (5th Cir. 2023).

The petitioners fail to brief, and thus abandon, any challenge they may have had to the BIA's determination that they waived their changed country conditions claim by not raising it before the IJ. *See Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022). The waiver determination is a sufficient basis on which to deny the petition for review as to this issue. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 440 n.13 (5th Cir. 2020). Finally, we lack jurisdiction to consider their challenge to the BIA's decision not to exercise its discretion to sua sponte reopen the case. *See Qorane v. Barr*, 919 F.3d 904, 911-12 (5th Cir. 2019). The petition for review is DENIED in part and DISMISSED in part for want of jurisdiction.