# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-60179
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2025

Lyle W. Cayce
Clerk

Guadalupe Esparza Lozoya,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 770 193

———————————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Guadalupe Esparza Lozoya, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) denying a joint motion to reopen. Motions to reopen are "particularly disfavored." *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 n.3 (5th Cir. 2021). Consequently, we review the BIA's denial of such motions "under a highly

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

deferential abuse-of-discretion standard." *Ovalles v. Rosen*, 984 F.3d 1120, 1123 (5th Cir. 2021) (internal quotation marks and citation omitted). Under this standard, the agency's decision will stand unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Nguhlefeh Njilefac*, 992 F.3d at 365 (internal quotation marks and citation omitted). Esparza Lozoya has not met this standard.

The joint motion to reopen was filed specifically so Esparza Lozoya could pursue adjustment of status, but he is ineligible for this relief due to his failure to voluntarily depart. *See Dada v. Mukasey*, 554 U.S. 1, 5 (2008); 8 U.S.C. § 1229c(d)(1)(B). Because reopening was sought to give Esparza Lozoya a chance to pursue relief he cannot receive, the denial of reopening was not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach," regardless of the propriety of the BIA's timeliness determination. *See Nguhlefeh Njilefac*, 992 F.3d at 365 (internal quotation marks and citation omitted). The petition for review is DENIED.