# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-60879
Summary Calendar

MICHAEL GEBEREMEDHNE-KIFLE

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A99-523-057

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael Geberemedhne-Kifle, a native and citizen of Ethiopia, has filed a petition for review of the Board of Immigration Appeals' (BIA) order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). In rejecting Geberemedhne's appeal, the BIA affirmed, without opinion, the results of the immigration judge's determination that Geberemedhne lacked credibility.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On a petition for review of a BIA decision, this court reviews the factual findings for substantial evidence. Gomez-Mejia v. INS, 56 F.3d 700, 702 (5th Cir. 1995). "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." Chen v. Gonzales, 470 F.3d 1131, 1134 (5th Cir. 2006). The decision of the BIA to reject Geberemedhne's testimony as incredible is based on a reasonable interpretation of the record and therefore is supported by substantial evidence. See Chun v. INS, 40 F.3d 76, 79 (5th Cir. 1994). As the record does not compel a contrary conclusion, Geberemedhne's asylum claim fails. See Mwembie v. Gonzales, 443 F.3d 405, 410 (5th Cir. 2006). The adverse credibility determination also defeats Geberemedhne's withholding of removal and CAT claims. See Mikhael v. INS, 115 F.3d 299, 306 (5th Cir. 1997) (observing that the standard of proof for withholding of removal is more stringent than the asylum standard and the alien must prove by a clear probability that he will, in fact, be persecuted if returned to his home country); Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002) (observing that for CAT relief the alien must show that it is more likely than not that he will suffer torture, as opposed to mere persecution, if removed to his home country).

The petition for review is DENIED.