# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 4, 2022

Lyle W. Cayce
Clerk

No. 20-60997

Elmond Echaukian Ndifon,

*Petitioner,*

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 327 759

Before Clement, Duncan, and Wilson, *Circuit Judges.*
Stuart K. Duncan, *Circuit Judge*:

Elmond Echaukian Ndifon, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his claim for protection under the Convention Against Torture ("CAT"). Ndifon claims the BIA failed to consider country conditions evidence when separately analyzing his CAT claim. We agree. Consequently, we grant the petition for review and remand for further consideration of the CAT claim.

No. 20-60997

I

Ndifon is a native and citizen of Cameroon who entered the United States as an arriving alien on October 29, 2017. On November 18, 2019, the Department of Homeland Security ("DHS") served Ndifon with a Notice to Appear, charging him as removable from the United States. Ndifon admitted to removability on December 18, 2019, but requested relief in the form of asylum, withholding of removal, and protection under CAT.

Ndifon appeared before an Immigration Judge ("IJ") on February 27, 2020, to testify in support of his I-589 application. He testified that his status as an Anglophone Cameroonian (*i.e.*, an English speaker) and his membership in the Southern Cameroon National Council—an organization that advocates for the independence of Southern Cameroon—subjected him to persecution in Cameroon. He claimed he left Cameroon because he feared persecution and torture by the Cameroon military. Ndifon detailed three alleged instances of abuse by Cameroonian military officials and testified that if he were to return to Cameroon, his life would be at risk.

The IJ found Ndifon's testimony inconsistent and implausible, so it deemed him not credible and denied his asylum and withholding of removal claims. Turning to the CAT claim, the IJ first found that Ndifon failed to establish past torture. The IJ then specifically addressed the country conditions articles and reports that Ndifon provided, which detail mistreatment of Anglophones in Cameroon. However, the IJ also recognized articles submitted by DHS suggesting the ruling government is taking steps to resolve the Anglophone conflict. Accordingly, the IJ held that Ndifon failed to establish by clear and convincing evidence that the Cameroonian government would more likely than not torture him upon his return to Cameroon or that he would suffer torture with the consent or acquiescence of Cameroonian officials.

The BIA determined the IJ's adverse credibility findings were not clearly erroneous and affirmed the denial of asylum and withholding of removal. Turning to the CAT claim, the BIA "uph[e]ld the denial of the respondent's request for protection under [CAT] . . . because the respondent's claim . . . is based on the same testimony the [IJ] found not credible, and the respondent points to no other objective evidence to support his claim." Ndifon petitioned for our review.

## II

We review the BIA's conclusions of law *de novo*. *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 215 (5th Cir. 2003). We also review the BIA's decision "'procedurally' to ensure that the complaining alien has received full and fair consideration of all circumstances that give rise to his or her claims." *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996) (quoting *Zamora-Garcia v. INS*, 737 F.2d 488, 490 (5th Cir. 1984)). Though the BIA is not required to "address evidentiary minutiae or write any lengthy exegesis," it must show "meaningful consideration of the relevant substantial evidence supporting the alien's claims." *Id.* at 585. "If this court determines that the BIA applied an inappropriate standard or neglected necessary findings, the court will vacate the decision and remand to the BIA." *Ghotra v. Whitaker*, 912 F.3d 284, 288 (5th Cir. 2019).

Ndifon does not contest the BIA's adverse credibility findings or its denial of asylum and withholding of removal. Rather, he asks this court to vacate and remand because the BIA failed to consider the country conditions evidence with respect to his CAT claim. Ndifon takes issue specifically with the BIA's statement that his CAT claim "is based on the same testimony the [IJ] found not credible, and [Ndifon] points to no other objective evidence to support his claim." According to Ndifon, this statement shows the BIA erred by failing to consider the country conditions evidence altogether.

Our precedent teaches that CAT claims are "distinct from asylum and withholding-of-removal claims and should receive separate analytical attention." *Santos-Alvarado v. Barr*, 967 F.3d 428, 436 (5th Cir. 2020) (citation and quotation marks omitted); *see also Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002) (discussing favorably Seventh and Ninth Circuit Opinions cautioning against "overreliance on an adverse credibility ruling" in the CAT context). Under CAT, an applicant is eligible for relief if he can "establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). The applicable CAT regulation "*requires* the BIA to consider '[e]vidence of gross, flagrant or mass violations of human rights within the country of removal' and any '[o]ther relevant information regarding conditions in the country of removal' in its likelihood-of-torture assessment." *Arulnanthy v. Garland*, 17 F.4th 586, 598 (5th Cir. 2021) (alterations in original) (quoting 8 C.F.R. § 1208.16(c)(3)). The regulation contains "no exception for cases of adverse credibility determinations." *Ibid.* Accordingly, when an applicant "offer[s] non-testimonial evidence that could independently establish his entitlement to CAT relief," an adverse credibility finding alone cannot defeat an applicant's eligibility for relief. *Ibid.*

Here, Ndifon offered reports published by human-rights and news organizations such as Human Rights Watch, Amnesty International, the *Washington Post*, and Deutsche Welle purporting to show the Cameroonian state tortures Anglophones. Ndifon argues that the BIA's own statement rejecting his CAT claim shows it failed to consider this non-testimonial evidence that could independently establish his entitlement to CAT relief.

The key case here is our court's recent decision in *Arulnanthy*. There, the BIA noted the applicant's reliance on general country conditions evidence but refused to consider it because "the [IJ's] adverse credibility finding is dispositive and is fully supported by the record." 17 F.4th at 591–

92. We reversed the BIA's decision and remanded the CAT petition because "[t]he BIA's decision did not even pretend to consider [the applicant's] country[ ]conditions evidence" in light of the adverse credibility finding. *Id.* at 598. *Arulnanthy* thus holds that the BIA cannot ignore country conditions evidence, even in light of an adverse credibility finding.

The BIA's rejection of country conditions evidence in *Arulnanthy* was plain, but since then our court has heard appeals that present closer calls. For instance, in *Emmanuel-Tata v. Garland*, the BIA stated that the record "does not contain any country conditions evidence indicating that Anglophones are regularly subject to persecution," and that "[t]he record does not contain any country conditions evidence indicating the type of punishment the respondent may face as a result of his criminal charges." No. 20-60487, 2022 WL 126982, at *2 (5th Cir. January 12, 2022) (unpublished) (alteration in original). That was inaccurate, however. The record contained the applicant's testimony about the Cameroonian government's mistreatment of Anglophones and affidavits from his wife, neighbor, and brother-in-law related to violence against Anglophones.[1] *Ibid.* We concluded that "failure to mention [country conditions evidence] raises too great a concern that the BIA did not adequately consider the evidence before it" and remanded the CAT petition to the BIA. *Id.* at *3.

On the other hand, in *Melendez-Monge v. Garland*, our court declined to remand a similar CAT claim. No. 20-60814, 2022 WL 1532641 (5th Cir. May 16, 2022) (unpublished). There, the IJ generally referenced the country conditions articles as evidence that the court considered, but the BIA did not explicitly mention the evidence in adopting the IJ's decision and reasoning. *Id.* at *2. We stated that our "concern that the BIA did not adequately

---

[1] *Emmanuel-Tata* also concerned a CAT petition from a Cameroonian Anglophone.

consider the evidence before it" was alleviated by the IJ's statement that "[t]he Court considered . . . respondent's supporting documents . . . including the El Salvador Human Rights Report." *Ibid.* (omissions in original) (citation omitted). We explained further that "the BIA is not 'required to address every piece of evidence,'" but "is required to consider 'key evidence.'" *Ibid.* (quoting *Emmanuel-Tata*, 2022 WL 126982, at *3). Unlike *Emmanuel-Tata*, the BIA in *Melendez-Monge* did not deny the existence of country conditions evidence—rather, the BIA didn't mention the evidence in adopting the IJ's decision.

The facts here fall somewhere between *Emmanuel-Tata* and *Melendez-Monge*.[2] The BIA's statement that Ndifon "points to no other objective evidence to support his [CAT] claim" is analogous to the BIA's statement in *Emmanuel-Tata* that "the record does not contain any country conditions evidence indicating that Anglophones are regularly subject to persecution." *Emmanuel-Tata*, 2022 WL 126982, at *2 (cleaned up). On the other hand, the BIA here did not explicitly deny the existence of country conditions evidence. Moreover, the IJ referred to the country conditions evidence in denying CAT relief. That makes this case slightly different from *Melendez-Monge*, where the IJ only referred generally to country conditions evidence. 2022 WL 1532641, at *2.

We conclude that the BIA's statement here "raises too great a concern that the BIA did not adequately consider the evidence before it." *Emmanuel-Tata*, 2022 WL 126982, at *3. Ndifon plainly *has* pointed to other evidence to support his CAT claim, *i.e.* the country conditions evidence. *Cf. Domingo-Torrez v. Garland*, No. 20-61173, 2022 WL 2867164, at *1 (5th Cir. July 21, 2022) (unpublished) ("[A]lthough an adverse credibility

---

[2] Since both cases are unpublished, neither binds us, but both are instructive.

determination is not necessarily dispositive of a CAT claim, Domingo-Torrez has pointed to 'no independent, non-testimonial evidence going to the likelihood of torture,' and therefore the adverse credibility finding is also decisive of her CAT claim." (quoting *Arulnanthy*, 17 F.4th at 598)). Like the statement in *Emmanuel-Tata*, the BIA here appears to deny the existence of evidence that clearly exists in the record. Accordingly, we cannot ignore the concerns raised by the BIA's statement, and the fact that the IJ considered country conditions evidence does not cure the BIA's error. *See Yahm v. Garland*, No. 20-60914, 2022 WL 1741620, at *1 (5th Cir. May 31, 2022) (unpublished) (remanding the petition because the BIA "erred by not considering [the country conditions evidence] in the context of his CAT claim," even though the IJ considered and rejected the same evidence).

Because the BIA incorrectly found no record evidence about relevant country conditions, Ndifon did not receive "meaningful consideration of the relevant substantial evidence supporting" his claims. *Abdel-Masieh*, 73 F.3d at 585; *see also Noumbissi v. Garland*, No. 21-60012, 2022 WL 1744787, at *2 (5th Cir. May 31, 2022) (unpublished) ("There is no indication in the record that the BIA took [country conditions] evidence into account in deciding Noumbissi's CAT claim, and the failure to do so was error."). We therefore reverse the BIA's decision.

## III

We GRANT the petition for review and REMAND for further consideration of Ndifon's CAT claim. We express no opinion on the merits of that claim.