# United States Court of Appeals for the Fifth Circuit

---

No. 22-60292
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2023

Lyle W. Cayce
Clerk

Rodolfo Jose Ordenana Mercado,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A096 331 766

---

Before Higginbotham, Graves, and Ho, *Circuit Judges.*

Per Curiam:[*]

Rodolfo Jose Ordenana Mercado, a native and citizen of Nicaragua, petitions for review of the order by the Board of Immigration Appeals (BIA) dismissing the appeal from the immigration judge's denial of withholding of removal and protection under the Convention Against Torture (CAT).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

We review the BIA's decision and will consider the IJ's underlying decision only if it impacted the BIA's decision, as it did here. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). Findings of fact, including the denial of withholding of removal and CAT protection, are reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Credibility determinations are also reviewed under the substantial evidence standard. *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009). Under this standard, we may not reverse unless the evidence "compels" such a reversal—i.e., the evidence must be "so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen*, 470 F.3d at 1134. It is the petitioner's burden to demonstrate that the evidence compels a contrary conclusion. *Id.* Conclusions of law are reviewed de novo. *Sharma*, 729 F.3d at 411.

Ordenana Mercado incorrectly argues that because the inconsistencies between his testimony and the record were not material to his claims for relief, they were not grounds for an adverse credibility determination. *See Wang*, 569 F.3d at 538 (holding that an IJ may rely on any inconsistency in determining credibility). He does not attempt to argue that the totality of circumstances compels a reversal of the IJ's credibility determination. *See id.* Substantial evidence supports the BIA's affirmance of the IJ's credibility determination and the dismissal of Ordenana Mercado's withholding of removal claim as a result. *See id.*; *see also Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021) (holding that adverse credibility can be dispositive of an asylum claim); *Ndifon v. Garland*, 49 F.4th 986, 988-89 (5th Cir. 2022) (treating withholding of removal claims similarly within this context).

Ordenana Mercado's argument regarding his CAT claim that the BIA failed to consider country conditions evidence and relied solely on his adverse credibility similarly fails. *See Ndifon*, 49 F.4th at 989. The BIA stated that

No. 22-60292

the IJ found that Ordenana Mercado "did not present independent evidence that it is more likely than not that he would be tortured in Nicaragua by or with the acquiescence of a public official"; the BIA did not state that he failed to present independent evidence at all. *See id.* at 989-90 (finding that BIA did not consider country conditions evidence where it stated that the petitioner did not point to other objective evidence to support his CAT claim). The BIA also affirmed the IJ's decision for the reasons stated in his order, wherein the IJ explicitly held that the country conditions evidence submitted by Ordenana Mercado failed to show "how it is more likely than not that he will be placed personally at risk of torture." Thus, Ordenana Mercado has not shown that the BIA failed to consider his country conditions evidence. *See id.* Finally, Ordenana Mercado has failed to show that the record compels a reversal of the BIA's determination that he is not entitled to CAT protection. *See Chen*, 470 F.3d at 1134.

Accordingly, Ordenana Mercado's petition for review is DENIED.