# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2024

Lyle W. Cayce
Clerk

————————

No. 21-60195

————————

Dagoberto Luna,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A076 839 445

———————————————————————

ON PETITION FOR REHEARING

Before Higginbotham, Southwick, and Willett, *Circuit Judges*.

Leslie H. Southwick, *Circuit Judge*:

We withdraw our prior opinion, *Luna v. Garland*, No. 21-60195, 2023 WL 3563015 (5th Cir. May 19, 2023), and substitute the following.

An immigration judge denied Dagoberto Luna's motion to rescind an *in absentia* removal order. Luna appealed, but the Board of Immigration Appeals ("BIA") dismissed the appeal. Luna now petitions for review of the BIA's dismissal, contending defective notice rendered the *in absentia* removal order invalid. We disagree. Luna's petition is DISMISSED in

part for lack of jurisdiction and DENIED in part because the BIA did not abuse its discretion.

## FACTUAL AND PROCEDURAL BACKGROUND

Dagoberto Luna is a native and citizen of Mexico who entered the United States in 1997 without any valid documents for entry.  Luna stated that he applied for an adjustment of status, but it was denied in 2002.

On June 26, 2003, the Government mailed Luna a Notice to Appear ("NTA") that explained he was removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I).  The NTA informed Luna that he must appear at a removal hearing, and it specified the consequences of not doing so.  It showed that his hearing's date and time would "be calendared and notice provided by the office of the Immigration Judge."   The following month, the Government mailed a notice of hearing ("NOH") to the same address as had been used for the NTA.  The NOH informed Luna that his hearing would be held on November 13, 2003 at 8:30 a.m.  Luna did not appear at the hearing, so the immigration judge ordered him *in absentia* to be removed to Mexico.

In September 2018, Luna moved to rescind the removal order and reopen his immigration proceedings.  He argued that he did not receive the NTA or NOH.  Luna sought to rebut any presumption of delivery by offering his own affidavit reiterating non-receipt.  Relying on *Pereira v. Sessions*, 585 U.S. 198 (2018),[1] Luna also argued the NTA was defective because it did not specify the date and time of the hearing, and that he was

---

[1] In *Pereira*, the Supreme Court held that "[a] notice that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a)' and therefore does not trigger the stop-time rule."  585 U.S. at 202.

*prima facie* eligible for cancellation of removal. In the alternative, Luna asked the immigration judge to reopen the proceedings *sua sponte* due to changes in the law after *Pereira*.

The immigration judge denied Luna's motion. She determined *Pereira* was limited in scope and did not hold that an invalid NTA deprives an immigration judge of jurisdiction. She decided Luna had not rebutted the presumption of delivery, and that the notice provided in the NOH was sufficient. Luna had therefore failed to prove the proceedings should be reopened. The immigration judge further declined to reopen the proceedings *sua sponte* because Luna had not established his *prima facie* eligibility for cancellation of removal based on exceptional and extremely unusual hardship to qualifying relatives. According to the immigration judge, *Pereira*'s holding did not justify *sua sponte* reopening because it was limited in scope and did not apply in Luna's case. Luna appealed the decision to the BIA.

The BIA dismissed Luna's appeal in February 2021. It determined that (1) Luna had not rebutted the presumption of receipt for the NTA or NOH, (2) BIA and Fifth Circuit precedent foreclosed Luna's claim that the NTA was invalid, (3) Luna's motion to reopen and seek cancellation of removal was untimely, (4) Luna had not proved that his relatives would suffer exceptional and extremely unusual hardship if he were removed, and (5) reopening was not warranted under the BIA's *sua sponte* authority. Luna timely petitioned this court for review.

In May 2023, based on our understanding of then-controlling law, we granted Luna's petition because his NTA did not inform him of the date and time of his removal hearing. *Luna*, 2023 WL 3563015, at *2–3. The Government's petition for panel rehearing requested that the case be placed in abeyance pending the Supreme Court's decision in two related cases: *Campos-Chaves v. Garland*, 143 S. Ct. 2687 (2023), and *Garland v. Singh*, 143

No. 21-60195

S. Ct. 2688 (2023).  On July 5, 2023, this court placed Luna's case in abeyance.  The Supreme Court issued an opinion for *Campos-Chaves* and *Singh* on June 14, 2024.  *See Campos-Chaves v. Garland*, 602 U.S. 447 (2024).  On June 26, 2024, we lifted the stay.  On July 2, 2024, we granted rehearing and requested supplemental briefing.

## DISCUSSION

"We apply a highly deferential abuse-of-discretion standard in reviewing the denial of a motion to reopen removal proceedings." *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017).  The BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies."  *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).  We review conclusions of law *de novo* and findings of fact for substantial evidence.  *Id.*

Luna argues the BIA abused its discretion when it declined to reopen proceedings because his NTA was defective, and he successfully rebutted the presumption of receipt for his NTA and NOH.  Luna also argues that the BIA erred in not exercising its *sua sponte* authority to reopen proceedings.

We begin with whether Luna's NTA was deficient and, if so, what effect that has on jurisdiction or his *in absentia* removal order.  When the Government initiates removal proceedings, it must provide the alien with an NTA that includes "[t]he time and place at which the proceedings will be held."  8 U.S.C. § 1229(a)(1)(G)(i).  Luna argues he did not receive the NTA and, even if he did, the NTA was deficient because it lacked the time and place of his proceedings.  The requirement that an NTA provide notice of the time and place for the hearing was reconfirmed by the Supreme Court in *Campos-Chaves*, 602 U.S. at 461.

4

No. 21-60195

This deficiency notwithstanding, we have held that the regulation governing NTAs is a claim-processing rule, not a jurisdictional rule. *Alexandre-Matias v. Garland*, 70 F.4th 864, 868 (5th Cir. 2023). Nothing in *Campos-Chaves* affected that interpretation. Consequently, the BIA correctly held that the statutorily deficient NTA did not deprive the immigration judge of jurisdiction to conduct removal proceedings.

Next, we consider whether the defective NTA renders Luna's *in absentia* removal order invalid. If a hearing is postponed or changed, paragraph (2) of Section 1229(a) requires the Government to provide the alien with "a written notice" specifying "the new time or place of the proceedings" and "the consequences" of not attending. 8 U.S.C. § 1229(a)(2)(A). We previously held that, when an NTA is defective, a subsequent NOH under paragraph (2) cannot cure those defects. *Rodriguez v. Garland*, 15 F.4th 351, 355–56 (5th Cir. 2021). The Supreme Court recently clarified that our holding in *Rodriguez* was incorrect. Instead, if an alien "receive[s] a proper paragraph (2) notice for the hearing[] [he] missed and at which [he was] ordered removed, [he] cannot seek rescission of [his] *in absentia* removal order[] on the basis of defective notice under § 1229a(b)(5)(C)(ii)." *Campos-Chaves*, 602 U.S. at 450–51 (italics added). Here, the Government mailed Luna a NOH that provided paragraph (2) notice — it included the date and time for the hearing that Luna missed and at which he was ordered removed. The NOH therefore gave sufficient notice under *Campos-Chaves*.

Luna may nevertheless seek rescission of his removal order if he can show he did not receive the NOH. *See id.* at 452. Luna alleges non-receipt of the NOH, and he offers his own affidavit to support that allegation. For rescission based on a lack of notice, our focus "is on the actual receipt of the required notice and not whether the notice was properly mailed." *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 149 (5th Cir. 2018) (quotation omitted).

5

When the required notice "is served via certified mail, a strong presumption of effective service applies that may only be rebutted by the affirmative defense of nondelivery." *Id.* A weaker presumption exists when the Government sends the notice via regular mail. *Id.* The BIA itself applies a weaker presumption of receipt when notice is sent by regular mail. *In re M-R-A-*, 24 I. & N. Dec. 665, 672–73 (BIA 2008). When determining whether this weaker presumption is rebutted, courts should consider these factors:

(1) the [alien's] affidavit;

(2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received;

(3) the [alien's] actions upon learning of the *in absentia* order, and whether due diligence was exercised in seeking to redress the situation;

(4) any prior affirmative application for relief, indicating that the [alien] had an incentive to appear;

(5) any prior application for relief filed with the Immigration Court or any *prima facie* evidence in the record or the [alien's] motion of statutory eligibility for relief, indicating that the [alien] had an incentive to appear;

(6) the [alien's] previous attendance at Immigration Court hearings, if applicable; and

(7) any other circumstances or evidence indicating possible nonreceipt of notice.

*Id.* at 674 (italics added). Ultimately, the BIA should consider "all relevant evidence submitted to overcome the weaker presumption of delivery." *Id.*

The Government mailed Luna's NTA and NOH to the same address via regular mail, so the weaker presumption applies. The BIA determined that Luna's "affidavit alone was not sufficient to overcome the presumption of delivery and the record did not reflect that the NTA and/or the hearing notice were returned as undeliverable." It also explained that (1) Luna's

affidavit did "not allege that the address listed on the NTA or the hearing notice was not his correct address at the time," (2) Luna "did not submit any other affidavits from individuals knowledgeable about the facts relevant to whether he received his notices," (3) Luna "offered no other explanation for his nonreceipt of the documents," and (4) the denial of Luna's "adjustment of status application in 2002[] demonstrated an incentive for him to not appear in Immigration Court."

Luna argues that because he submitted an affidavit showing he did not receive the NOH, and because that affidavit had no evidentiary flaw, the BIA erred in determining he did not rebut the presumption of delivery. Under our highly deferential standard of review, we find no basis to hold that the BIA abused its discretion when it determined Luna failed to rebut the presumption of delivery. "To be sure, under our precedent, affidavits that lack any evidentiary flaw — despite their self-serving nature — may be taken as competent, standalone evidence to support a claim that notice was never received." *Navarrete-Lopez v. Barr*, 919 F.3d 951, 955 (5th Cir. 2019) (collecting cases). Still, "*M-R-A-* permits consideration of 'other circumstances or evidence indicating possible nonreceipt of notice.'" *Id.* (quoting *M-R-A-*, 24 I. & N. Dec. at 674). Here, the BIA considered various circumstances, including circumstances that indicated delivery, such as the absence of a non-deliverable return and the lack of due diligence. *See Navarrete-Lopez*, 919 F.3d at 955. The BIA's considerations ultimately led it to find that Luna had not rebutted the weaker presumption of delivery. "Because the BIA reached a final determination, properly, based on the 'totality of the circumstances,'" it did not abuse its discretion. *See id.*

Finally, Luna argues the BIA erred when it declined to reopen his proceedings *sua sponte*. The BIA "may at any time reopen or reconsider on its own motion any case in which it has rendered a decision," and "[t]he decision to grant or deny a motion to reopen or reconsider is within the

No. 21-60195

discretion of the" BIA. 8 C.F.R. § 1003.2(a). We lack jurisdiction to review the BIA's decision not to exercise its discretion to reopen proceedings *sua sponte*. *Qorane v. Barr*, 919 F.3d 904, 911–12 (5th Cir. 2019).

Luna's petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part because the BIA did not abuse its discretion. The petition for rehearing is GRANTED.