# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-60535
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2025

Lyle W. Cayce
Clerk

Arodi Roseth Fuentes-Arriaga,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 138 666

————————————————————

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Arodi Roseth Fuentes-Arriaga, a native and citizen of Guatemala, petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming the decision of an immigration judge (IJ) denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60535

One seeking asylum must show persecution on account of a protected ground. *Jaco v. Garland*, 24 F.4th 395, 402 (5th Cir. 2021). A withholding claim has the same elements, but one who seeks withholding must show that she "more likely than not" will be persecuted due to a protected ground if repatriated. *Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019) (internal quotation marks and citation omitted). Because withholding has a higher standard than asylum, one who fails to show eligibility for the latter necessarily fails to show eligibility for the former. *Id.*

We review the BIA's opinion and consider the IJ's decision only insofar as it influences the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Because the BIA's determination that Fuentes-Arriaga was ineligible for asylum and withholding is reviewed for substantial evidence, it may not be disturbed unless the evidence "*compels*" a contrary conclusion. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted).

The IJ, considering the totality of the circumstances and all relevant factors, may base a credibility finding on, inter alia, "the consistency between [her] written and oral statements," the "internal consistency" of her statements, the consistency of her statements with the other record evidence, and "any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1229a(c)(4)(C); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii) (asylum); 8 U.S.C. § 1231(b)(3)(C) (withholding of removal). "The IJ and BIA may rely on *any* inconsistency or omission in making an adverse credibility determination" as long as the applicant's lack of credibility is established by the totality of the circumstances and is "supported by specific and cogent reasons derived from the record." *Avelar-Oliva v. Barr*, 954 F.3d 757, 764, 767 (5th Cir. 2020) (internal quotation marks and citations omitted). An adverse credibility

2

determination is conclusive unless no reasonable factfinder could make such a determination based on the totality of the circumstances. *Id.* at 763, 767.

Notwithstanding Fuentes-Arriaga's arguments to the contrary, the inconsistencies identified by the BIA are clearly supported by the record and go the heart of Fuentes-Arriaga's claims to asylum and withholding of removal, i.e., that she would be sexually assaulted if repatriated and the government would not protect her. Although Fuentes-Arriaga offered explanations for the inconsistencies and for lying under oath during her credible fear interview, the BIA and IJ were not required to accept them. *See Arulnanthy v. Garland*, 17 F.4th 586, 594 (5th Cir. 2021). Further, we have upheld adverse credibility determinations based on an asylum applicant's failure to mention extremely traumatic experiences during their credible fear interview. *See Arulnanthy*, 17 F.4th at 594; *Avelar-Oliva*, 954 F.3d at 767-68. In sum, the BIA's adverse credibility decision is grounded in "specific and cogent reasons derived from the record." *Avelar-Oliva*, 954 F.3d at 767 (internal quotation marks and citation omitted). In turn, the adverse credibility finding is dispositive of Fuentes-Arriaga's asylum and withholding of removal claims. *See Arulnanthy*, 17 F.4th at 597 (asylum claim); *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012) (withholding claim). Accordingly, we do not address the BIA's alternative finding that Fuentes-Arriaga's asylum and withholding of removal claims failed on the merits. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693-94 (5th Cir. 2023).

The denial of CAT relief is reviewed for substantial evidence. *Zhang*, 432 F.3d at 344. One who seeks CAT relief must show she more likely than not would be tortured with official acquiescence if repatriated. *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017).

No. 24-60535

To the extent that the BIA found that Fuentes-Arriaga's CAT claim could be denied based only on the adverse credibility determination, it was mistaken. "[W]hen an applicant offer[s] non-testimonial evidence that could independently establish [her] entitlement to CAT relief an adverse credibility finding alone cannot defeat an applicant's eligibility for relief." *Ndifon v. Garland*, 49 F.4th 986, 989 (5th Cir. 2022) (internal quotation marks and citation omitted). Here, Fuentes-Arriaga presented country conditions evidence.

Nevertheless, the BIA did not err in finding in the alternative that her CAT claim failed on the merits. Now, as with her arguments before the BIA, she points to no particularized evidence that would demonstrate an individualized risk of torture to her or governmental acquiescence but instead relies on generalized country conditions evidence showing, at most, a possibility that she could be sexually assaulted if returned and that Guatemala has difficulties addressing such violence, which does not compel a conclusion contrary to that of the BIA regarding the likelihood of torture and official acquiescence. *See Morales*, 860 F.3d at 818.

The petition for review is DENIED.