# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2025

Lyle W. Cayce
Clerk

No. 24-60402
Summary Calendar

Dina Raquel Perez-Rodriguez; Alison Fernanda
Alvarez-Perez; Susan Rebeca Alvarez-Perez; Anderson
Jamilt Alvarez-Perez,

*Petitioners*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent.*

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A208 674 186,
A208 674 187, A208 674 188,
A208 674 189

_____

Before Barksdale, Haynes, and Wilson, *Circuit Judges.*

Per Curiam:[*]

Dina Raquel Perez-Rodriguez and her three children are natives and citizens of Honduras. They petition for review of the Board of Immigration

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Appeals' (BIA) affirming an immigration judge's (IJ's) denial of Perez' application for asylum and withholding of removal, which listed her children as derivative beneficiaries, and Perez' separate application for protection under the Convention Against Torture (CAT). (Because asylum applicants may have derivatives on their asylum application, but not for claims for withholding of removal, Perez' children are only derivative applicants for asylum. *See Matter of A-K-*, 24 I & N Dec. 275, 279 (BIA 2007).)

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Findings of fact, including an applicant's eligibility for asylum, withholding of removal, and relief under CAT, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted).

Petitioners contend the adverse-credibility finding against Perez is not supported by substantial evidence. They do not brief any contention challenging the BIA's alternative conclusion that Perez failed to show eligibility for protection under the CAT even if her testimony were considered credible; accordingly, they have waived any such challenge. *See Medina Carreon v. Garland*, 71 F.4th 247, 255 (5th Cir. 2023).

Perez testified before the IJ that her primary fear of returning to Honduras was her former partner Yelson Gustavo Salinas (Gustavo), a police officer, and she recounted in detail many examples of how he threatened and abused her in Honduras. Her complete omission of Gustavo during her

earlier credible fear interview (CFI) starkly contrasts with her hearing testimony and supports the adverse-credibility finding. *See Arulnanthy*, 17 F.4th at 594 (alien's omission in CFI of one of the three encounters supporting his asylum claim supported adverse-credibility finding); *Avelar-Oliva v. Barr*, 954 F.3d 757, 768 (5th Cir. 2020) (failure during CFI to mention traumatic experiences can support adverse-credibility determination).

Further, the sources of harm Perez did identify in the CFI were barely mentioned in her hearing testimony, and she admitted lying under oath to the asylum officer by not disclosing her claimed fear of Gustavo, even though the asylum officer asked numerous times whether she had any other fears regarding Honduras. Perez attributed her omission of Gustavo in the CFI to her fear of him and fear she would be unable to remain in the United States, but the BIA was not required to accept her explanation given other permissible views of the evidence. *See Arulnanthy*, 17 F.4th at 594; *Santos-Alvarado v. Barr*, 967 F.3d 428, 438–39 (5th Cir. 2020).

Petitioners contend: the BIA failed to properly account for the impact of the trauma on Perez; and their documentary evidence corroborates her testimony regarding Gustavo's abuse and her decision to not speak about him during the CFI. Although the documentary evidence could support Petitioners' position, it is insufficient, under the substantial-evidence standard, to *compel* the conclusion that Perez was credible. *See Santos-Alvarado*, 967 F.3d at 438–39; *Avelar-Oliva*, 954 F.3d at 768–69. The adverse-credibility finding was supported by specific and cogent reasons based on the record, and Petitioners fail to show that no reasonable factfinder could have made the finding considering the totality of the circumstances. *E.g.*, *Arulnanthy*, 17 F.4th at 593–95; *Santos-Alvarado*, 967 F.3d at 438–39; *Avelar-Oliva*, 954 F.3d at 767–69. As the BIA concluded, the adverse-credibility finding prevents Petitioners from satisfying their burden

of demonstrating eligibility for asylum, and Perez from demonstrating eligibility for withholding of removal. *See Arulnanthy*, 17 F.4th at 597; *Avelar-Oliva*, 954 F.3d at 772.

Petitioners also contend the BIA committed legal error by failing to meaningfully consider relevant documentary evidence. We review "the BIA's decision procedurally to ensure that the complaining alien has received full and fair consideration of all circumstances that give rise to his or her claims". *Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019) (citation omitted). In its decision, the BIA noted: the "horrific abuse [Perez] claim[ed] to have suffered"; Petitioners' contention that the IJ failed to properly consider the trauma Perez experienced; and the country-conditions evidence. The BIA showed "meaningful consideration of the relevant substantial evidence supporting [Petitioners'] claims"; it was not "required to address evidentiary minutiae or write any lengthy exegesis". *Ndifon v. Garland*, 49 F.4th 986, 988 (5th Cir. 2022) (quoting *Abdel-Masieh v. I.N.S.*, 73 F.3d 579, 585 (5th Cir. 1996)).

DENIED.