# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2025

Lyle W. Cayce
Clerk

No. 24-60528

———————

Leiliane Nazareth Marciano,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent.*

———————————————————

Petition from the Board of Immigration Appeals
Agency No. A098 718 989

———————————————————

Before Southwick, Higginson, and Wilson, *Circuit Judges*.
Per Curiam:[*]

Leiliane Marciano petitions for review of the Board of Immigration Appeals (BIA) decision denying her motion to reopen. We grant her petition in part and dismiss it in part for lack of jurisdiction.

## I.

Marciano is a native and citizen of Brazil. She entered the United States without permission in January 2005 and was detained shortly

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

thereafter. After being served by Department of Homeland Security (DHS) personnel with a Notice to Appear (NTA), she was released. The NTA ordered Marciano to return to Harlingen, Texas in May 2005 to appear before an Immigration Judge (IJ). The NTA documented that Marciano—who asserts she did not speak English at the time—was provided oral notice of the NTA and hearing date in her native Portuguese by a certified DHS interpreter. Marciano acknowledged that she had been served the NTA by signing and fingerprinting it. And she provided an address where she would be staying, in Pompano Beach, Florida. She also gave DHS sufficient information to complete a full Form I-213 containing her full name, birth date, address in Brazil, a narrative of her travels from Brazil to Mexico and into the United States, and her reasons for crossing into the United States without authorization.

After being released by DHS, Marciano did not appear for the hearing. Nor did she continue to the Florida address she had given DHS. Instead, she went to New Jersey. When she failed to appear, the IJ ordered her removed to Brazil *in absentia* pursuant to § 240(b)(5)(a) of the Immigration and Nationality Act.

Thirteen years later, in 2018, Marciano married a U.S. citizen. But two years after that, Marciano and her husband divorced amidst allegations that he was abusive and a criminal. Before the divorce was finalized, Marciano filed an I-360 Violence Against Women Act (VAWA) petition with the United States Customs and Immigration Service (USCIS), which that agency approved.[1] In 2021, Marciano moved to reopen her immigration

---

[1] An approved VAWA self-petition allows qualifying aliens who have been the victims of battery or extreme cruelty to apply for lawful permanent resident status. GREEN CARD FOR VAWA SELF-PETITIONER, https://www.uscis.gov/green-card/green-card-eligibility/green-card-for-vawa-self-petitioner (last visited December 29, 2025).

proceedings and rescind the removal order. Though motions to reopen must normally be brought within 90 days of an order of removal, Marciano argued to the IJ that her motion should not be considered untimely because she did not receive proper notice of the 2005 hearing and because she met VAWA's required showing of "extraordinary circumstances or extreme hardship to [her] child." *See* 8 U.S.C. § 1229a(c)(7)(C)(i)–(iv).[2]

The IJ denied the motion, determining that it was untimely and that the record showed that Marciano was informed of the time and place of the hearing, in her native Portuguese. The IJ also determined that Marciano was not credible. He made this determination based on significant discrepancies between the facts Marciano alleged in her 2021 motion and those detailed in the 2005 NTA and Form I-213:

> [T]he documentary evidence *directly and incontrovertibly* contradicted [Marciano's] claims that she was not informed of her scheduled hearing . . . on May 12, 2005, and that a Portuguese interpreter was not used to convey this information to her. Respondent's *claims* (See Respondent's Exhibit A) are deemed not credible. . . .

---

Marciano's self-petition was approved, but that was just a threshold step which, as noted on the face of her I-797 Approval Notice, "d[id] not grant any immigration status or benefit." Marciano's application for lawful resident status was subsequently denied because of her outstanding order of removal.

[2] A petitioner who moves to reopen to apply for VAWA relief has one year to file such a motion, and the Attorney General has the "discretion" to "waive" this time limitation upon a showing of "extraordinary circumstances or extreme hardship to the alien's child." 8 U.S.C. § 1229a(c)(7)(C)(i)–(iv). While this court does not have jurisdiction to review "the ultimate, discretionary decision of whether to grant relief" to an alien who meets the § 1229a(c)(7)(C)(iv)(III) standard, it has jurisdiction to review the application of this standard to an undisputed set of facts. *Pena-Lopez v. Garland*, 33 F.4th 798, 805 (5th Cir. 2022).

The IJ did not address Marciano's alleged "extraordinary circumstances or extreme hardship" to her child or otherwise engage her contention that her motion was timely under VAWA. Marciano appealed to the BIA, which upheld the IJ in a one-sentence order. This petition followed.

## II.

Motions to reopen are "disfavored," *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 n.3 (5th Cir. 2021), and their denial is reviewed under "a highly deferential abuse-of-discretion standard," *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304–05 (5th Cir. 2017) (citations omitted). Under this standard, we will not disturb the BIA's ruling unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Nguhlefeh Njilefac*, 992 F.3d at 365 (citations omitted).

We review the BIA's factual findings for substantial evidence and its legal conclusions *de novo*. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). This court considers the IJ's decision only to the extent it influenced the BIA. *Id.* at 517. Because the BIA in this case affirmed the IJ's determination without opinion, our review encompasses the IJ's decision. *See Geberemedhne-Kifle v. Mukasey*, 290 F. App'x 687 (5th Cir. 2008) (per curiam). That ruling was premised on the IJ's adverse determination of the petitioner's credibility, which is a finding of fact. *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020). Under the substantial evidence standard, this court will not disturb findings of fact unless we decide "not only that the evidence supports a contrary conclusion, but also that the evidence compels it." *Orellana-Monson*, 685 F.3d at 518 (citations omitted).

"[A]n adverse credibility determination 'must be supported by specific and cogent reasons derived from the record.'" *Avelar-Oliva*, 954 F.3d at 764 (quoting *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009)). The

IJ may base a credibility finding on, *inter alia*, "the consistency between the applicant's or witness's written and oral statements," the "internal consistency" of such statements, and the consistency of those statements with other record evidence. 8 U.S.C. § 1229a(c)(4)(C). The IJ may rely on "any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.*

## III.

Marciano contends that the BIA (A) did not give due consideration to her argument that her motion to reopen was timely under VAWA because she showed extraordinary circumstances and extreme hardship to her child, and (B) should have reopened her case *sua sponte*.[3] She does not appeal her lack-of-notice claim. The Government responds that the IJ's adverse-

---

[3] Marciano also asserts that the BIA's decision is not entitled to deference under *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). But *Loper-Bright* has no purchase in the context of our review of the BIA's decision. *Loper-Bright* did not endow lower courts with extra-statutory authority to relax standards of review applicable to findings and rulings made by the BIA or IJ, or to disregard plain statutory directives like those concerning adverse-credibility determinations in 8 U.S.C. § 1229a(c)(4)(C).

Marciano further contends that the IJ mischaracterized her motion as requesting cancellation of removal rather than adjustment of status. The IJ was incorrect to say that Marciano's motion requested *both* cancellation of removal and adjustment of status, as opposed to *only* adjustment of status. But that error likely made no difference in the result, as the requirements to excuse the one-year deadline for reopening are the same for either cancellation or adjustment. *See* 8 U.S.C. § 1229a(c)(7)(C)(iv); *Nguhlefeh Njilefac*, 992 F.3d at 365 ("[E]ven if the Board erred at some point in its analysis, we can still uphold its ultimate decision if 'there is no realistic possibility' that the Board's conclusions would have been different absent the error.").

credibility finding is dispositive of both issues.[4]   We examine these contentions in turn.

## A.

Per Marciano, "the IJ's failure to meaningfully analyze [her] hardships, as well as the BIA's unwillingness to rectify those legal deficiencies," was reversible error.  At bottom, Marciano argues her VAWA claim should have been addressed more thoroughly by the IJ.  We agree.

Indeed, in denying relief on Marciano's VAWA claim, the IJ did not engage that claim's merits at all.  Reading between the lines of the IJ's analysis, the immigration court appears simply to have applied its adverse credibility finding, drawn from the inconsistencies underpinning Marciano's lack-of-notice claim, across the board to hold that both of "Respondent's *claims . . .* are deemed not credible[.]"  In affirming the IJ's order, the BIA added nothing else.

---

[4] The Government also argues that "[b]ecause Petitioner is not credible, this [c]ourt lacks jurisdiction to review the [IJ]'s discretionary decision in this case."  Not so. True enough, the Immigration and Nationality Act cabins a reviewing court's jurisdiction to review discretionary decisions by the BIA; "[i]n short, we have 'jurisdiction to review immigration decisions only when there is a legal standard to apply.'" *Ikome v. Bondi*, 128 F.4th 684, 689 (5th Cir. 2025) (quoting *Cuenca-Arroyo v. Garland*, 123 F.4th 781, 786 (5th Cir. 2024) (per curiam)).  But in weighing an adverse-credibility determination, there is a legal standard to apply:  the requirement that the determination be supported by "substantial evidence" and explained "by specific and cogent reasons derived from the record." *Avelar-Oliva*, 954 F.3d at 764 (quoting *Wang*, 569 F.3d at 538 (5th Cir. 2009)); *see also, e.g.*, *Ibe v. Bondi*, No. 25-60002, 2025 WL 2741644, at *1 (5th Cir. Sept. 26, 2025) (citations omitted) (per curiam).  Thus, we have jurisdiction to review the IJ's adverse-credibility determination.

At essence, the immigration court failed to show its work in dismissing Marciano's VAWA claim. That contravenes our precedent. While the BIA is not required to "write an exegesis on every contention," it must still consider the issues raised before it and provide a decision "sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019) (citation omitted); *Ndifon v. Garland*, 49 F.4th 986, 988 (5th Cir. 2022). On the record before us, that standard was not met.

True enough, the IJ's credibility determination may be relevant to Marciano's VAWA claim. *See* 8 U.S.C. § 1154(a)(1)(J) (directing the consideration of "any credible evidence relevant to the [VAWA] petition"). But the IJ did not apply the adverse-credibility determination to Marciano's VAWA claim—not expressly, anyway. Indeed, the IJ did not examine Marciano's VAWA claim at all. Failure to do so was erroneous. *See Ndifon*, 49 F.4th at 988.

Because the IJ did not evaluate the VAWA claim, even as against the finding that Marciano lacked credibility as to the facts supporting her lack-of-notice claim, we remand the VAWA claim for further proceedings. We express no opinion as to the merits of that claim, or whether Marciano should ultimately receive the relief she seeks. But she, like this court, should receive a decision on that claim enough "to perceive that [the immigration court] has heard and thought and not merely reacted." *Ghotra*, 912 F.3d at 290.

**B.**

Marciano also asserts that the BIA erred in declining to reopen her proceedings *sua sponte*. But, as this court has repeatedly emphasized, we lack jurisdiction to review the BIA's decision not to exercise its discretion to reopen proceedings *sua sponte*. *See, e.g.*, *Luna v. Garland*, 123 F.4th 775, 780 (5th Cir. 2024); *Qorane v. Barr*, 919 F.3d 904, 911–12 (5th Cir. 2019). Thus,

we cannot entertain Marciano's argument that she should have been provided relief on that basis and instead dismiss that claim.

\* \* \*

For the foregoing reasons, Marciano's petition for review is GRANTED IN PART and DISMISSED IN PART. We REMAND for further consideration of Marciano's VAWA claim consistent with this opinion.