# Matter of Elmer Omar LOPEZ-ORELLANA, Respondent

*Decided March 27, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An objection to the noncompliant notice to appear is the respondent's, not the Immigration Judge's, objection to raise and is forfeited if not timely raised.

(2) If the Immigration Judge is satisfied that the respondent, who has not appeared at a scheduled hearing, is removable as charged and received adequate notice of his missed hearing despite the noncompliant notice to appear, the Immigration Judge should proceed in absentia rather than terminate proceedings.

FOR THE RESPONDENT: Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY: Andrew Stawar, Assistant Chief Counsel

BEFORE: Board Panel: MONTANTE, OWEN, and GALLOW, Appellate Immigration Judges.

OWEN, Appellate Immigration Judge:

In a decision dated November 9, 2022, the Immigration Judge terminated removal proceedings without prejudice based on a noncompliant notice to appear. The Department of Homeland Security ("DHS") appeals from that decision. The proceedings will be reinstated, and the record will be remanded.

The respondent was issued a notice to appear on March 2, 2020, which did not include the date or time of the initial removal hearing. Subsequent hearing notices scheduled the respondent's initial hearing for August 10, 2022. The respondent failed to appear for his initial master calendar hearing on that day, and the matter was reset to November 9, 2022. On November 9, 2022, DHS filed a Form I-261, Additional Charges of Inadmissibility/Deportability, adding as a factual allegation the original date, time, and location of the respondent's initial master calendar hearing prior to its rescheduling. On the same day, the respondent again failed to appear for the master calendar hearing.

The Immigration Judge determined that the notice to appear was noncompliant under *Matter of Fernandes*, 28 I&N Dec. 605 (BIA 2022),

rejected the filing of a Form I-261 as a remedy, and terminated proceedings without prejudice.[1]  DHS appealed that decision, arguing before the Board that the Immigration Judge should have permitted a remedy to the defective notice to appear other than termination.

An objection to the noncompliant notice to appear is the respondent's, not the Immigration Judge's, objection to raise and is forfeited if not timely raised.  *Matter of Fernandes*, 28 I&N Dec. at 609.  Here, the respondent, having not appeared at any of his master calendar hearings, did not object to the noncompliant notice to appear.

Subsequent to the Immigration Judge's decision in this case, the Supreme Court of the United States held that an in absentia removal order can be issued despite a noncompliant notice to appear as long as the alien received notice of the missed hearing through a notice of hearing issued under section 239(a)(2)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229(a)(2)(A) (2024).  *See Campos-Chaves v. Garland*, 602 U.S. 447, 458–59 (2024).  The United States Court of Appeals for the Fifth Circuit, in which jurisdiction this case arises, has recognized that under *Campos-Chavez*, a notice of hearing containing the time and place of the missed hearing provides the notice required for an in absentia removal order under section 240(b)(5)(A) of the INA, 8 U.S.C. § 1229a(b)(5)(A) (2024).  *Luna v. Garland*, 123 F.4th 775, 779 (5th Cir. 2024), *cert. denied*, 146 S. Ct. 91 (2025).  Thus, if the Immigration Judge is satisfied that the respondent, who has not appeared at a scheduled hearing, is removable as charged and received adequate notice of his missed hearing despite the noncompliant notice to appear, the Immigration Judge should proceed in absentia rather than terminate proceedings.  *See* INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A); *cf. Matter of Sanchez-Herbert*, 26 I&N Dec. 43, 44–45 (BIA 2012) (holding that an in absentia hearing, rather than termination, is appropriate when an alien fails to appear because they have departed from the United States).

Accordingly, termination of the respondent's removal proceedings was not appropriate.  We will therefore sustain DHS' appeal, vacate the Immigration Judge's decision, and remand the record to the Immigration Judge for further proceedings.  If the respondent again fails to appear, the Immigration Judge should proceed in absentia and determine if the

---

[1]  The Immigration Judge's decision is embedded in the transcript.  We remind the Immigration Judge that an oral decision should be clearly defined from the rest of the proceedings.  *See Matter of A-P-*, 22 I&N Dec. 468, 477 (BIA 1999).

respondent is removable as charged and if an in absentia removal order is warranted under section 240(b)(5)(A) of the INA, 8 U.S.C. § 1229a(b)(5)(A).

**ORDER:**    The appeal is sustained, and the Immigration Judge's November 9, 2022, decision is vacated.

**FURTHER ORDER:**    The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing decision and for the entry of a new decision.